IDEAL MANUFACTURING CO. *v.* WAYNE CIRCUIT JUDGE.

LABOR UNIONS—STRIKES — PICKETING — INJUNCTION — TEMPORARY RELIEF—ORDER TO SHOW CAUSE.

> Where, on an application for injunction to restrain a labor union from interfering with relator's workmen, the bill and affidavits established a case showing an interference with relator's rights by picketing its premises, and by making threats against its employés, and actual violence towards them, it was improper to deny temporary relief until defendant had been brought into court on an order to show cause.

Mandamus by the Ideal Manufacturing Company to compel Joseph W. Donovan, circuit judge of Wayne county, to issue a temporary injunction. Submitted February 14, 1905. (Calendar No. 20,959.) Writ granted February 14, 1905.

*George F. Monaghan,* for relator.
*Samuel E. Jones,* for respondent.

PER CURIAM. The relator asks for a writ of mandamus requiring the respondent to issue an injunction restraining certain members of the Metal Polishers' Union (defendants in a suit instituted by relator) from interfering with free access to relator's works of the workmen employed by relator, and free departure therefrom to their homes, by any unlawful conduct of defendants, by actual violence or threats. The bill of complaint, and affidavits accompanying the same, which were presented to respondent, made out a case showing an interference with the rights of relator by picketing relator's premises, and by making threats against relator's employés, and by actual violence towards them. Upon presentation of this bill, and on an application for a preliminary injunction, the respondent declined to issue an injunction, but suggested that an order to show cause issue.

If we were able to say that the discretion of the circuit judge was used in this way for a purpose recognized by proper practice, we would not interfere with the exercise of such discretion except in the clearest case. It is manifest, however, that the purpose of the respondent was not to issue an order to show cause for the purpose of ascertaining the truth or falsity of the allegations in the bill and affidavits, but rather for the purpose of bringing in the defendants, in order that respondent might instruct them as to their duties, and thus pour oil on the troubled waters. While this course may be commendable in a case where the parties are before the court, it is clear that protection to persons and property ought not to be withheld on the assumption that those engaged in unlawful action may be brought to submit voluntarily to an influence which, however potent, has no recognized place in the regular and orderly proceedings of courts. Being satisfied from the return that it was this mistaken practice which induced the respondent to withhold the remedy sought, we think it should be said that he failed to exercise the discretion which the law required of him in the circumstances.

The writ will issue, requiring respondent to issue a temporary injunction, or if, in his judgment, an order to show cause should issue, that he accompany the same by an injunction or restraining order to be continued in force until the hearing of the order to show cause, and decision of such matter.