IDEAL MANUFACTURING CO. *v.* LUDWIG.

*In re* HAMLYN.

INJUNCTION—VIOLATION—CONTEMPT—STRIKES.

> Where striking employés of a manufacturing company, against whom an injunction has issued restraining them from interfering with the company's nonunion employés, follow a nonunion employé who is under the escort of a policeman, and address him at a time and under circumstances such that peaceable solicitation is impossible, a claim that their purpose was to peaceably solicit the employé to join the union is a mere colorable pretext to justify their unlawful conduct, and a conviction of contempt is proper. *Ideal Manufacturing Co. v. Ludwig*, ante, 133, followed.

Certiorari to Wayne; Brooke and Mandell, JJ. Submitted July 13, 1907. (Docket No. 128.) Decided October 4, 1907.

Bill by the Ideal Manufacturing Company against Martin Ludwig and others to enjoin an interference with complainant's business: On petition, Charles Hamlyn was adjudged guilty of contempt in violating the temporary injunction, and sentenced to imprisonment for 10 days in the county jail. Affirmed.

*George F. Monaghan* and *Peter J. Monaghan*, for complainant.

*Dohany & Dohany*, for respondent.

GRANT, J. This case is the companion of *Ideal Manufacturing Co. v.Ludwig*, ante, 133. Respondent Hamlyn was a member of the union and was a part of the same hostile crowd which interfered, unlawfully and in contempt of the court's decree, with the nonunion employés of that company. The contempt proceedings of

both Ludwig and Hamlyn were heard together, and their acts are substantially the same,—the language of each being somewhat different.

The learned circuit judge filed one opinion holding both guilty of contempt. After describing what the defendant did, the court below said:

"Under these conditions the respondent, after following Hardy with the crowd for more than a block, came up close to him and the policeman and addressed Hardy. He claims his purpose was to peaceably solicit Hardy to join the union. As said in the case of Ludwig, peaceable solicitation at that time and under those circumstances was impossible. The claim of the respondent Hamlyn is a mere colorable pretext to justify his unlawful conduct."

The court had jurisdiction, and there was ample evidence to sustain its finding. The case is ruled by the *Ludwig Case*. We find no error upon the record; and the judgment is affirmed.

McAlvay, C. J., and Carpenter, Hooker, and Moore, JJ., concurred.