ESCANABA MANUFACTURING CO. *v.* TRADES AND LABOR COUNCIL OF ESCANABA.

INJUNCTION—STRIKES—LABOR UNIONS.

> An injunction to restrain a trades and labor council composed of delegates from the various labor unions of the city from illegal acts in connection with a strike is not justified under testimony that the strike was called by an organization not represented in the defendant council, which held no meetings until after the end of the strike, and took no part in it, except that certain of its officers engaged in unlawful acts without express authority, and that an effort apparently successful was made by the council to settle matters amicably before the strike was finally declared. HOOKER, MCALVAY, and BROOKE, JJ., dissenting.

Appeal from Delta; Stone, J. Submitted June 18, 1909. (Docket No. 83.) Reargued January 5, 1910. Decided April 1, 1910.

Bill by the Escanaba Manufacturing Company against the Trades and Labor Council of Escanaba and others to enjoin an interference with complainant's business. From a decree for complainant, said defendant Trades and Labor Council appeals. Reversed, and bill dismissed as to appellant.

*A. H. Ryall,* for complainant.

*Judd Yelland* and *Albin W. Norblad,* for appellant.

MOORE, J. The complainant is engaged in the manufacture of dishes, clothespins, plates, and other articles from wood. It had in its employ about 300 persons, about half of whom were girls and women. In the fall of 1907, Local Union No. 123—one of the defendants—of the Amalgamated Wood Workers' International Union of America was organized at Escanaba. The defendant John J. Meyers was the organizer of this union. Many of the em-

ployés of the complainant became members thereof. About November 1, 1907, three women employed by complainant were discharged. At this time other employés ceased to work because of their sympathy with the persons who were discharged. This trouble was adjusted after a few days and the employés returned to work. Trouble arose again on Friday, November 29, 1907, when two young women were discharged. The next day about 100 employés quit work, and still others on the following Monday, making nearly 100 girls and women and about 70 men and boys who quit work. These employés were members of the defendant union. About 150 employés continued to work. It was claimed by the complainant that the striking employés attempted to prevent those who continued to work from working, and that violence was used to accomplish this object. The complainant, claiming that great injury would be done to its business and property, filed this injunction bill for relief.

The bill sets out in detail what the complainant claims are the illegal acts of the defendants. The prayer of the bill contains, among other things, the following:

"(2) That said defendants may be enjoined from congregating or loitering about or in the neighborhood of the premises of your orator, or at any other place, with intent to interfere with the employés of your orator or with the prosecuting of their work, or to interfere with or intimidate the employés of your orator with intent to cause them to leave the employment of your orator or to interfere with or obstruct in any manner the business of your orator.

"(3) That said defendants may be further enjoined from interfering with the free access of the employés of your orator to your orator's premises and their place of work and the free return of said employés to their place of business or their homes.

"(4) That said defendants be further enjoined from giving directions or orders to committees or associations or otherwise for the performance of any such acts or threats as are hereinbefore enjoined, and from any man-

ner whatsoever impeding, obstructing, or interfering with the regular operation and business of your orator."

Upon the filing of the bill of complaint, a temporary injunction was issued. The only answer interposed was made by the appellant the Trades and Labor Council of Escanaba. In the answer there is a denial of nearly all the material allegations of the bill of complaint, and especially is it denied that the appellant committed any unlawful or improper act, or ever interfered with the defendant company or its business or its employés. The testimony in the case was taken at length before a commissioner and reported to the court. After a hearing a decree was made enjoining all of the defendants in accordance with the prayer of the bill of complaint. None of the defendants have appealed except the defendant the Trades and Labor Council.

It is contended that no illegal acts were shown on the part of any of the defendants. We cannot agree with this contention. The record is full of testimony which is convincing that some of the defendants were guilty of acts which not only authorized the granting of a writ of injunction, but made it the duty of the court to issue the restraining order under the following cases: *Beck* v. *Teamsters' Protective Union*, 118 Mich. 497 (77 N. W. 13, 42 L. R. A. 407, 74 Am. St. Rep. 421); *Ideal Manfg. Co.* v. *Wayne Circuit Judge*, 139 Mich. 92 (102 N. W. 372); *Ideal Manfg. Co.* v. *Ludwig*, 149 Mich. 133 (112 N. W. 723, 119 Am. St. Rep. 656); *Ideal Manfg. Co.* v. *Ludwig*, 149 Mich. 699 (113 N. W. 20).

The important question in the case is whether the appellant the Trades and Labor Council is shown to have been a party to any of the illegal acts. This presents a question of fact. On the part of the complainant it is urged as a significant fact that, when the first trouble recited in the bill of complaint arose, the complainant was visited by a committee of the appellant, who interfered in behalf of the striking employés. The cross-examination of the superintendent of the complainant shows the per-

sonnel of this committee, and it also shows that no member of the committee made any threats or any statements to which exception could be taken, and that the work done by the committee and the mayor of the town resulted in an amicable settlement being made, and the employés all returning to work. The Trades and Labor Council of Escanaba is made up of delegates from the various labor unions of the city. The employés who took part in the strike and in the illegal acts perpetrated during its existence were members of Local Union No. 123 of the Amalgamated Wood Workers. The record discloses that at the time of the strike this local union had no representation in the Trades and Labor Council. It further shows that the appellant met November 15th, and had no further meeting until after the strike was over. It is shown that it had no reason to suppose after the adjustment of the trouble between the complainant and its employés in the early part of November that there would be any further trouble. There is a failure to show that the appellant took any part in having the strikers go out or that it advised, ordered, directed, or incited to or took part in any of the unlawful acts which were committed by some of the defendants.

The decree as to the appellant should be reversed, and the bill of complaint dismissed, with costs.

MONTGOMERY, C. J., OSTRANDER, and BLAIR, JJ., concurred with MOORE, J.

HOOKER, J. (*dissenting*). A bill was filed to restrain the defendants from unlawful interference with complainant's property, business, and employés. Upon a hearing upon proofs taken before a commission, a decree was entered against all defendants determining—

"That the defendant Trades and Labor Council and its officers and members were at the time of the filing of said bill of complaint unlawfully and wrongfully combining and colluding together with the other defendants hereinbefore mentioned for the purpose of carrying out, by

threats and intimidations, the unlawful acts referred to in said bill of complaint, and that the said Trades and Labor Council and its said officers, agents and members, were, at the time of the filing of said bill of complaint, threatening and had threatened to call upon the various organizations which it represented to assist the said Trades and Labor Council and to assist the other defendants in this cause in carrying out the unlawful acts complained of in said bill of complaint."

And ordering that said defendants, and each of them,—

"Under a penalty of $10,000, be, and the same are hereby, ordered and directed to absolutely desist and refrain from in any manner interfering with the employés of said complainant now or hereafter in its employ, and from in any manner interfering with any person who may now or hereafter desire to enter the employ of said complainant, by way of threats, personal violence, intimidations, or other unlawful means calculated or intended to prevent such person from entering or continuing in the employ of said complainant, or calculated or intended to induce any such person or persons to leave the employ of the said complainant, and from congregating or loitering in or about the neighborhood of the premises of the complainant or at other places with intent to interfere with the employés of said complainant, or with intent to cause them to leave the employ of said complainant, and from any time interfering with the free access of the employés of complainant to its premises and its place of work and the return of said employés to their places of business or to their homes, and from giving any directions or orders to committees, associations, or to any person or persons or otherwise for the performance of any such acts or threats as are hereby enjoined, and from in any manner whatever impeding, obstructing, or interfering either now or hereafter with the regular operations or conduct of the business of complainant, and from now or at any time hereafter trespassing or entering upon the property of complainant without its permission, and from now or hereafter committing any trespass or assault upon any of the employés, officers, or agents of said complainant.

The "Trades and Labor Council" has appealed. It is indisputable that the officers and members of this council were present in the crowd at the time of some of the law-

less and unlawful acts connected with the strike, and there is evidence plainly showing the complicity of the Trades Council in threats, afterwards carried out, of attempting to stop complainant's business until such time as it should submit to the dictation of the unions, and deny work to others than members of the union, a proposition and project as wrongful toward unaffiliated labor as toward the complainant.

We have examined the testimony, and think there was a great sufficiency to justify the learned circuit judge in making a decree requiring this council to refrain from acts admittedly unlawful. It is not to be expected that organizations of this character will spread upon their record the evidence of unlawful projects or acts, or that their officers will publicly avow the responsibility of the society for the unlawful acts of a mob. When, however, they interest themselves as a committee, and as officers in meetings with the employer, seeking to further the objects of the strike, and are seen repeatedly among the mob that engages in riotous and unlawful conduct, there is sufficient to warrant the inference that they are acting for and on behalf of the society.

The circuit judge has found that the conduct of this defendant was threatening to complainant's property and business interests. He has not punished it. He has not even asked it to pay the costs, which he might well have done. He has merely required it to obey the law which it was and is in duty bound to do without admonition, and which apparently it would have us believe it has every intention of doing. Seeing no reason to doubt the accuracy of the conclusions of the learned circuit judge, we concur in his disposition of the case.

The decree should be affirmed, with costs.

McAlvay, and Brooke, JJ., concurred with Hooker, J.

Stone, J., did not sit.