MIDWEST PROPERTIES COMPANY *v.* JOURNEYMEN BAR-
BERS, HAIRDRESSERS, COSMETOLOGISTS AND PRO-
PRIETORS INTERNATIONAL UNION OF AMERICA,
LOCAL 552, A. F. L.

1. INJUNCTION—MOTION TO DISMISS—TAKING OF TESTIMONY—DIS-
CRETION OF COURT.
The trial court may in its discretion take testimony at the hear-
ing on a motion to dismiss a bill to restrain certain alleged
labor abuses (CL 1948, § 618.8).

2. SAME—TAKING OF TESTIMONY AT HEARING ON MOTION TO DISMISS
—RESTRAINING ORDER PENDING APPEAL.
Whether or not trial court abused its discretion in refusing to
take testimony at hearing on motion to dismiss bill to restrain
certain alleged labor abuses became immaterial after Supreme
Court issued restraining order at time of granting plaintiff's
application for leave to appeal from order in the nature of a
preliminary injunction permitting limited peaceful picketing
(CL 1948, § 618.8).

3. SAME—TEMPORARY RELIEF—PROPERTY RIGHTS—PERSONAL RIGHTS.
Courts should consider whether the personal or property rights
of respective litigants will best be subserved by granting tem-
porary injunctive relief, if sought.

4. SAME—PROPERTY MANAGEMENT COMPANY—PICKETING OF TENANT
IN OFFICE BUILDING—IRREPARABLE LOSS.
A temporary injunction granted to property management company

REFERENCES FOR POINTS IN HEADNOTES
[2] 3 Am Jur, Appeal and Error, § 823.
[3] 28 Am Jur, Injunctions, § 14.
[4, 5] Generally as to injunctions against picketing, see 31 Am Jur,
Labor, §§ 335, 336.
[4, 5] Generally as to injunctions against picketing, see Injunction
against picketing per se, where past picketing has been accom-
panied by violence or other improper conduct. 132 ALR 1218.
Generally, as to injunctions against picketing, see Right of
employer to injunction against picketing or boycott by labor
union to enforce a demand compliance with which by employer
would constitute an unfair labor practice. 162 ALR 1438.

after a hearing on defendant labor union's motion to dismiss at which trial judge did not permit the taking of testimony, whereby limited peaceful picketing was permitted on streets outside of entrance of office building on fourth floor of which was a tenant solely against whom union claimed its efforts were directed and which had obtained a restraining order against picketing at entrance to its premises on the fourth floor, constituted an abuse of discretion in view of plaintiff's allegation of loss of rentals from tenants on percentage leases, since there was irreparable loss to plaintiff and no material ultimate damage or deprivation of rights of defendant.

5. SAME—REMAND—CONTINUANCE OF TEMPORARY RESTRAINING ORDER. Temporary restraining order, issued by Supreme Court at time leave to appeal was granted plaintiff property management company from order granting limited right of picketing building containing a tenant against whom defendant union and others sought to maintain picket lines, is continued pending determination of suit on merits with dissolution of such order sought from Supreme Court if decision is against plaintiff and is unappealed, with costs of instant appeal to abide final determination below.

Appeal from Wayne; Murphy (George B.), J. Submitted March 13, 1951. (Calendar No. 44,978.) Decided May 14, 1951. Rehearing denied September 5, 1951.

Bill by Midwest Properties Company, a copartnership, against Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors International Union of America, Local 552, A.F.L., and others to restrain certain labor abuses. A temporary injunction was issued limited in its terms. Plaintiff appeals. Reversed and remanded.

*David M. Miro,* for plaintiff.

*Edward N. Barnard,* for defendants.

BUSHNELL, J. Plaintiff Midwest Properties Company, a property management copartnership, manages the David Stott Building, located at the south-

east corner of Griswold and State streets in Detroit. This office building has retail stores on the ground floor. The only entrance to the upper floor is from Griswold street. A freight elevator is located on the State street side of the building. The Artiste Permanent Wave Company, not a party to this litigation, operates a beauty shop on the fourth floor.

In June or July of 1950 defendants Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors International Union of America, Local 552, (A.F.L.), began picketing in front of the Griswold street entrance for the purpose of protesting the union's grievances against the beauty shop.

About September 5, 1950, the picketing was extended from the entrance of the building to the State street side and beyond the entrance to the freight elevator. Plaintiff's protest resulted in the removal of the pickets from the sidewalk to the fourth floor of the building at the entrance to the beauty shop. Defendants claim that this change was made with the express approval and consent of plaintiff and its counsel.

The beauty shop obtained a restraining order against defendants and, on October 2d, picketing was resumed on both Griswold and State street sides of the building. Plaintiff then filed a bill of complaint in which it is alleged that the picketing was boisterous and unruly; constituted a secondary boycott of plaintiff's ground floor tenants, with the result that drivers and deliverymen through their unions threatened to stop deliveries of merchandise to Awrey Bakeries, Inc., one of the ground floor tenants. It is also charged that an American Express Company delivery man was assaulted, and a barber-shop on an upper floor was forced to close. These allegations were denied by the union, which claimed that plaintiff was not the owner of the building and, therefore, not the real party in interest. The union

in its answer stated there was no attempt on its part to mislead the public that a labor dispute existed with anyone other than the beauty shop.

When defendants' motion to dismiss was brought on for hearing, plaintiff's witnesses were not permitted to testify. The trial judge ruled as follows:

"Let the record show that both sides have witnesses here to testify on this motion, and it is the practice of this court not to hear testimony on motions except to hear testimony when the case is on its merits, and it is not on its merits here."

After considerable colloquy, much of which was irrelevant, the trial court entered an order in the nature of a preliminary injunction restraining defendants "from committing any violence, from indulging in any acts of intimidation, or threatening any physical injuries, and from maliciously destroying any property of the plaintiff." The court further ordered:

"That nothing herein shall be construed as preventing the defendants from peacefully picketing the premises in question, nor from displaying any signs, placards, banners or other publications concerning their alleged grievances, and they may picket either upon Griswold or State street, or both, the number of pickets being however hereby limited to 4."

This Court granted plaintiff's leave to appeal and, until further order, restrained defendants from picketing or threatening to picket the building, or otherwise interfering with persons from entering or in any way interfering with the conduct of usual business therein.

Plaintiff argues that the picketing was unlawful in that it constitutes secondary picketing and boycotting; that the trial judge abused his discretion in refusing to take testimony; and that, in view of a showing of irreparable damage due to loss of rentals

from tenants on percentage leases, a temporary injunction should have been issued pending final decision on the merits.

· In their counterstatement of questions involved, defendants do not raise the question of plaintiff's right to maintain its action, but confine themselves to a denial that the court abused its discretion in failing to take testimony and in refusing to issue a broader preliminary injunction "restraining peaceful picketing."

The court "may in its discretion" take testimony in matters such as this. CL 1948, § 618.8 (Stat Ann § 27.988). See *Schempf* v. *New Era Life Ass'n,* 253 Mich 152; *Cohen* v. *Detroit Joint Board Amalgamated Clothing Workers of America,* 327 Mich 606.

In view of the restraining order entered by this Court, and the situation presented by the record, the question of whether or not the trial judge abused his discretion in refusing to take testimony is not now material.

What was said in the *Cohen Case* just cited is applicable here.

"In granting or withholding injunctive relief *pendente lite* in a case of this character it is highly proper and quite essential for a court to consider whether the rights of the respective litigants will best be subserved by granting temporary injunctive relief if sought. If the personal rights or property rights involved will be best preserved by granting temporary injunctive relief in a suit presenting issues of controverted merit, such relief should be granted. *Gates* v. *Detroit & Mackinac Railway Co.,* 151 Mich 548. In the instant case it is quite self-evident that if the picketing instituted by defendant is not temporarily restrained plaintiff's business will be completely ruined or at least suffer irreparable damage pending final decision herein. On the other hand it seems equally apparent that granting the temporary injunctive relief sought will not subject

defendant to any material ultimate damage or deprivation of rights. We are constrained to hold that in denying plaintiff's application for a temporary injunction the trial judge failed to properly exercise his discretion."

The injunction issued below did not afford the protection provided by the *Cohen Case.*

In order to preserve the status quo and prevent the accumulation of damages, the temporary restraining order already issued out of this Court will be continued and the order of the trial court vacated.

The cause will be remanded to the trial court for a prompt and speedy hearing and determination on the merits. If decision is against plaintiff, and is unappealed, defendants may apply to this Court for a dissolution of the restraining order.

Costs in the instant appeal will abide final determination below.

A decree may be entered here in conformity with this opinion.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.