NIEDZIALEK *v.* JOURNEYMEN BARBERS, HAIRDRESSERS
AND COSMETOLOGISTS' INTERNATIONAL UNION
OF AMERICA, LOCAL 552, A.F.L.

1. INJUNCTION—TEMPORARY—DAMAGES—PICKETING.

> An injunction *pendente lite* to preserve the status quo will be
> granted a plaintiff who is threatened with irreparable injury
> because of defendants' picketing in the absence of any showing
> defendants will be subjected to any material ultimate damage
> or deprivation of rights, even if the ultimate determination
> should be that the picketing was lawful.

2. SAME—TEMPORARY—MAINTENANCE OF STATUS QUO.

> The object of preliminary injunctions is to preserve the status
> quo, so that upon the final hearing the rights of the parties
> may be determined without injury to either.

3. SAME—TEMPORARY—DAMAGES—DISCRETION OF COURT.

> A trial judge who does not issue a temporary injunction to pre-
> serve the status quo until a hearing on the merits in a con-
> troversy wherein plaintiff makes a showing of threatened irrep-
> arable injury and defendant does not make a showing that he
> will be subjected to material ultimate damage or deprivation
> of rights fails to make a proper exercise of his discretion.

4. SAME—TEMPORARY—SCOPE—IRREPARABLE INJURY.

> An injunction *pendente lite* should not usurp the place of a final
> decree, neither should it reach out any further than is abso-
> lutely necessary to protect the rights and property of the
> petitioner from injuries which are not only irreparable, but
> which must be expected before the suit can be heard on its
> merits.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 28 Am Jur, Injunctions § 14; 31 Am Jur, Labor § 382.
[2–4] 28 Am Jur, Injunctions §§ 12, 14.

Appeal from Wayne; Culehan (Miles D.), J.  Submitted June 22, 1951.  (Calendar No. 44,727.)  Decided October 1, 1951.

Bill by John Niedzialek and another against Journeymen Barbers, Hairdressers and Cosmetologists' International Union of America, Local 552, A.F.L., and others to restrain alleged illegal picketing. Temporary injunction denied.  Plaintiff Niedzialek appeals in nature of mandamus.  Temporary injunction issued by Supreme Court pending appeal is continued and case remanded for hearing on the merits.

*John W. Coury* and *Milton Roberts,* for plaintiff Niedzialek.

*Edward N. Barnard,* for defendants.

North, J.  Having first obtained leave of this Court, plaintiff has appealed from the circuit judge's ruling denying a temporary injunction sought in plaintiff's bill of complaint.  Plaintiff claims that such refusal was an abuse of discretion and erroneous.  On granting leave to appeal this Court issued a restraining order enjoining defendants from indulging in certain acts, including picketing of plaintiff's place of business, pending our decision of this appeal.  While the Metropolitan Barbers' Association, Inc., a Michigan corporation, joined with John Niedzialek as plaintiff in this case, the corporation is not a party to this appeal.  We herein refer to John Niedzialek as plaintiff.

In the main the relief sought is that defendants, who are members of Journeymen Barbers, Hairdressers and Cosmetologists' International Union of America, Local No. 552 (A.F.L.), be enjoined

from picketing Niedzialek's barbershop. According to allegations in the bill of complaint, Niedzialek is a licensed barber, who, since 1940, has owned and operated a barbershop in a building which he purchased on VanDyke avenue, in Detroit. He employs 2 other barbers who are also licensed. Niedzialek and these employees are members of the plaintiff Metropolitan Barbers' Association, Inc., which is composed of barbers who own or are employed in shops located on the east side of Detroit. There was no dispute of any kind between Niedzialek and his employees as to wages, hours, or other terms and conditions of employment. The bill of complaint alleges there was no strike in progress involving Niedzialek's shop; that the prices appellant charges for services are identical with those charged by barbers in shops affiliated with the defendant union. While it is denied in defendants' sworn answer, the bill of complaint also alleges that the wages and working conditions of Niedzialek's employees are at least equal, and in some respects superior, to those of members of the defendant union. However, defendants' answer fails to specify any particular in which the wages and working conditions of plaintiff's employees are not equal to those of employees in union shops, except possibly that the answer does set forth that union shops are closed at 6 p. m. whereas appellant's shop is not closed until 7 p. m. According to the allegations of the bill of complaint, on November 23, 1949, defendants George Husk and Arthur A. Borowski, together with at least 4 other men, entered appellant's barbershop "and demanded in a harsh and dictatorial manner that plaintiff immediately sign up with the defendant union or that they would commence at once to picket the premises." Plaintiff did not comply with the demand. Picketing of plaintiff's premises was at once instituted. It is alleged in the bill, in substance, that

the picketing was not of a peaceful character, but that instead the pickets interfered with prospective customers of appellant and, at least on one occasion, approached such a customer "in a highly threatening manner," in consequence of which plaintiff called the police; and that on the occasion of 2 similar disturbances it became necessary for plaintiff to summon the police. Other acts inconsistent with peaceful picketing are alleged as follows: That defendants "have sought, by various illegal means and methods * * * to force and compel plaintiff to affiliate with the defendant union by becoming a so-called 'Union Shop,' and to compel his employees to join the defendant union as members." But defendants' answer specifically denies "that the defendants have sought by various illegal means and efforts to force and compel the plaintiff to affiliate with defendant union, and they allege that all efforts on the part of the defendants have been legal and in accordance with law and within the protection afforded the defendants by the United States Constitution." Aside from the issue of whether defendants seek to compel unionization of plaintiff's shop, they complain of 2 other matters: (1) That plaintiff's shop is kept open later than union shops, and (2) That plaintiff in a window of his shop has displayed a misleading card which, defendants claim, indicates it is a union shop. However, the record discloses plaintiff assured the trial court that each of such alleged objectionable practices would be discontinued.

On the filing of the bill an order was issued to show cause why a temporary injunction should not issue as prayed in the bill of complaint. A hearing was had on the order to show cause. Only a little and quite inconsequential testimony of a single witness produced by defendants was taken. There was lengthy colloquy between the court and counsel, accompanied by quite useless and conflicting state-

ments and claims of counsel for the respective parties.

Under the record before us, it appears beyond cavil that when trial on the merits is had the issue will be: Should the picketing by defendants be permitted or should it be enjoined? The final result will depend upon the proof produced at the hearing bearing upon the issue of whether the picketing was pertinent to a lawful labor objective. And the issue may also be presented as to whether or not the picketing was peaceful or otherwise. Neither of these issues can be decided until there is a hearing on the merits. It is also clear, at least reasonably certain, that if in the instant case the picketing is continued in the interim until a hearing on the merits plaintiff will suffer irreparable injury. The contrary cannot be persuasively urged; nor can it reasonably be inferred from the record that enjoining picketing in the interim would result in any permanent or irreparable injury to defendants, even if the ultimate determination should be that the picketing was lawful. It is the settled policy of this Court under such circumstances to grant to a litigant who is threatened with irreparable injury temporary injunctive relief and thereby preserve the original status quo. In a very similar case in which, as in the instant case, an answer to the bill of complaint had been filed, on review of denial by the circuit judge of a temporary injunction, we said:

"In granting or withholding injunctive relief *pendente lite* in a case of this character it is highly proper and quite essential for a court to consider whether the rights of the respective litigants will best be subserved by granting temporary injunctive relief if sought. If the personal rights or property rights involved will be best preserved by granting temporary injunctive relief in a suit presenting issues of controverted merit, such relief should be

granted. *Gates* v. *Detroit & Mackinac Railway Co.*, 151 Mich 548. In the instant case it is quite self-evident that if the picketing instituted by defendant is not temporarily restrained plaintiff's business will be completely ruined or at least suffer irreparable damage pending final decision herein. On the other hand it seems equally apparent that granting the temporary injunctive relief sought will not subject defendant to any material ultimate damage or deprivation of rights. We are constrained to hold that in denying plaintiff's application for a temporary injunction the trial judge failed to properly exercise his discretion." *Cohen* v. *Detroit Joint Board Amalgamated Clothing Workers of America*, 327 Mich 606.

Our decision in the *Cohen Case* is followed in *Midwest Properties Co.* v. *Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors International Union of America, Local 552, A. F. L.*, 330 Mich 478. In the *Gates Case*, above cited, we said: "The object of preliminary injunctions is to preserve the status quo, so that upon the final hearing the rights of the parties may be determined without injury to either."

In another case wherein the circuit judge refused to issue a temporary injunction against picketing, by mandamus we required the issuance of the injunction. In the *per curiam* opinion it is said of the circuit judge: "He failed to exercise the discretion which the law required of him in the circumstances." *Ideal Manufacturing Co.* v. *Wayne Circuit Judge*, 139 Mich 92.

In a Federal court case the proper function of a temporary injunction is commented on as follows:

"An injunction *pendente lite* should not usurp the place of a final decree neither should it reach out any further than is absolutely necessary to protect the rights and property of the petitioner from injuries which are not only irreparable, but which must

be expected before the suit can be heard on its merits.   Only those issues will be determined which are necessary factors in granting or denying a temporary restraining order.   It is not necessary that the complainant's rights be clearly established, or that the court find complainant is entitled to prevail on the final hearing.   It is sufficient if it appears that there is a real and substantial question between the parties, proper to be investigated in a court of equity, and in order to prevent irremedial injury to the complainant, before his claims can be investigated, it is necessary to prohibit any change in the conditions and relations of the property and of the parties during the litigation." *Goldfield Consolidated Mines Co.* v. *Goldfield Miners' Union No. 220,* 159 F 500, 511.

The instant appeal should be and is disposed of the same as in *Cohen* v. *Detroit Joint Board Amalgamated Clothing Workers of America, supra,* as follows:

"As above noted a temporary injunction has already issued out of this Court restraining the picketing until our further order.   Since it will best subserve the needs of the instant case and expedite final determination thereof, our temporary injunction will remain in force pending further order of this Court, and in the meantime the case will be remanded to the trial court for hearing and determination on its merits.   In event of an unappealed decision against plaintiff, an application may thereupon be made by defendant to this Court for dissolution of our injunction.

"Costs on this appeal will abide final outcome of this litigation.   A decree may be entered in this Court in accordance with the foregoing."

Reid, C. J., and Boyles, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.