SILVER *v.* INTERNATIONAL PAPER CO.

1. SALES—TIME PRICE DIFFERENTIALS—VALIDITY—USURY.
   A seller may establish a credit price for his property, either real or personal; unless the sale and purchase of the property is a mere pretense, the seller may charge a greater price, a time price differential, for goods bought on credit than for cash without rendering the transaction usurious.

2. STATUTES—CONSTRUCTION—EXTENSION BY IMPLICATION.
   Statutes will not be extended by implication to abrogate the established rules of the common law.

3. SALES — TIME PRICE DIFFERENTIALS — USURY — STATUTES — CONSTRUCTION.
   Statute exempting time price differentials on sales of goods or services on credit from the 7% interest limitation does not mean that time price differentials are interest, because the Legislature, rather than including time price differentials in the statute, expressly omitted them from the scope of the usury statute (MCLA § 438.31).

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 April 6, 1971, at Lansing. (Docket No. 10198.) Decided August 23, 1971. Leave to appeal denied, 386 Mich 764.

Complaint by Donald F. Silver and others against International Paper Co., Inc., and others for usury charged in land purchase contracts. Judgment for defendants. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur, Sales § 591.
[1, 3] 55 Am Jur, Usury § 21.
[2] 50 Am Jur, Statutes §§ 344–346.
[3] 50 Am Jur, Statutes § 217 *et seq.*

*Reibel & Higgins,* for plaintiffs.

*Fraser, Trebilcock, Davis & Foster,* for defendants.

Before: QUINN, P. J., and R. B. BURNS and MC-GREGOR, JJ.

R. B. BURNS, J. This case was submitted to the trial judge on the basis of stipulated facts pursuant to GCR 1963, 111.10.

The plaintiffs purchased real estate from the defendants on land contract. Plaintiffs alleged that the interest charges on the land purchases were usurious and thus uncollectible. Plaintiffs further claimed that defendants attempted to disguise the interest charges by labeling them "time price differentials". The trial judge ruled that the transactions in question did not involve usury.

Plaintiffs were given the opportunity to either pay cash for the properties or to purchase them on credit. The difference between the higher time price and the cash price is referred to as a "time price differential." Plaintiffs, who elected to purchase the real estate on "time," claim that the time price differential is in effect illegally-charged interest.

Prior case law refutes plaintiffs' claims. This Court has previously determined that time price differentials are generally immune from usury laws:

"That a seller in Michigan may establish a credit price is not denied and indeed upheld in *Attorney General* v. *Contract Purchase Corporation* (1950), 327 Mich 636, which points out that unless the sale and purchase of property is a mere pretense, the seller may charge a greater price for goods bought on credit than for cash without rendering the trans-

action usurious." *Matthews* v. *Aluminum Acceptance Corporation* (1965), 1 Mich App 570, 577.

Prior to the *Matthews* case the Supreme Court had reached the same conclusion. *Hartwick Lumber Co.* v. *Perlman* (1928), 245 Mich 3; *Keefe* v. *Bush & Lane Piano Co.* (1929), 247 Mich 82.[1] Although personal property was involved in the *Matthews* case and real property is involved in the present case, the distinction is immaterial.

Plaintiffs argue that by statute enacted subsequent to the *Matthews* opinion the legislature indicated that a time price differential, in effect and in substance, was interest. The usury statute plaintiffs refer to reads in part:

"That the interest of money shall be at the rate of $5.00 upon $100.00 for a year, and at the same rate for a greater or less sum, and for a longer or shorter time, except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding 7% per annum. This act shall not apply to the rate of interest on any note, bond or other evidence of indebtedness issued by any corporation, association or person, the issue and rate of interest of which have been expressly authorized by the Michigan public service commission or the corporation and securities bureau of the department of commerce, or is regulated by any other law of this state, or of the United States, *nor shall it apply to any time price differential which may be charged upon sales of goods or services on credit.*" (Emphasis supplied.) PA 1966, No 326 § 1 (MCLA 1971 Cum Supp § 438.31 [Stat Ann 1971 Cum Supp § 19.15(1)]).

Plaintiffs' claim that the legislature expressly indicated that a time price differential was in fact

---

[1] Michigan case law appears to be consistent with the general rule in most jurisdictions. See Advance in price for credit sale as compared with cash sale as usury. 14 ALR3d 1065, § 4, p 1077.

interest, because it exempted from the act's scope the differentials "which may be charged upon sales of goods or services on credit,"[2] must be rejected by this Court. To accept plaintiffs' argument we would have to ignore the cardinal rule of statutory construction, that statutes will not be extended by implication to abrogate the established rules of common law. *Bandfield* v. *Bandfield* (1898), 117 Mich 80.[3]

The statutory language plaintiffs refer to merely confirms the prior case law's exemption of time price differentials from usury principles. The Legislature could have easily expressed its desire to include differentials in the usury statute if it had so desired; instead it expressly exempted such a classification from the purview of the statute. The time price differential exemption was probably expressed in order to avoid possible statutory confliction with the retail installment sales act's[4] "time price differential" provision.[5] Both statutes were enacted into positive law on the same date, *i.e.,* March 10, 1967.

Affirmed. Costs to defendants.

All concurred.

---

[2] The statute does not exempt differentials concerning the sale of real estate. Plaintiffs argue that since differentials are interest and since real estate transactions are not exempted by the act's language, then the act applies to their cases. If the act applies then defendants are not permitted to recover any interest at all. MCLA § 438.32 (Stat Ann 1971 Cum Supp § 19.15[2]).

[3] "The Legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law." *Bandfield* v. *Bandfield* (1898), 117 Mich 80, 82. Followed in *People* v. *Serra* (1942), 301 Mich 124, 130.

[4] PA 1966, No 224, MCLA § 445.851 *et seq.* (Stat Ann 1971 Cum Supp § 19.416[101] *et seq.*).

[5] MCLA § 445.857 (Stat Ann 1971 Cum Supp § 19.416[107]).