PSYCHOLOGICAL SERVICES OF BLOOMFIELD, INC v BLUE
CROSS AND BLUE SHIELD OF MICHIGAN

Docket No. 70462. Submitted December 18, 1984, at Detroit.—Decided
April 24, 1985.

Psychological Services of Bloomfield, Inc. (hereafter plaintiff) and
John Doe, a Blue Cross and Blue Shield of Michigan member
who has been a patient of a therapist now associated with the
plaintiff, brought an action in the Oakland Circuit Court
against Blue Cross and Blue Shield of Michigan (hereafter
defendant) and the Michigan Department of Public Health.
Plantiffs' action challenged defendant's moratorium against the
issuance of participation contracts to new outpatient psychiat-
ric clinics and sought to compel defendant to pay money
damages and to grant plaintiff a participating contract and
provider number. The Department of Public Health was later
dismissed from the action. The trial court, John N. O'Brien, J.,
issued an order to show cause why a preliminary injunction
should not issue compelling defendant to grant a provider
number and contract to plaintiff. Following a hearing, an order
was entered requiring the defendant to issue a provider num-
ber to plaintiff and to allow the plaintiff to participate in
defendant's reimbursement program. The order does not indi-
cate whether preliminary or permanent relief was intended.
Defendant appeals from that order by leave granted. *Held:*

1. The Court of Appeals viewed the order at issue as a
preliminary injunction and determined that the order changed,
rather than preserved, the status quo. The Court of Appeals
noted that the plaintiff failed to show that it would suffer
irreparable injury if the preliminary injunction was not issued
and that plaintiff failed to explain why an action at law for
damages would not be an adequate remedy for any injury it
suffered at defendant's hands.

2. The circuit court abused its discretion by entering a
preliminary injunction.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Injunctions §§ 23 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Injunc-
tions.

[2] Am Jur 2d, Injunctions §§ 48, 49.

1. Injunctions — Preliminary Injunctions — Status Quo.
   The grant or denial of a preliminary injunction is within the sound discretion of the trial court; the object of a preliminary injunction is to preserve the status quo so that upon the final hearing the rights of the parties may be determined without injury to either; the status quo which will be preserved by a preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy.

2. Injunctions — Preliminary Injunctions.
   An injunction should not be issued if the party seeking it fails to show that it will suffer irreparable injury if the injunction is not issued; a preliminary injunction should not be issued if it will grant one of the parties all the relief requested prior to a hearing on the merits or where the party seeking it has an adequate remedy at law.

*Bushnell, Gage, Doctoroff & Reizen* (by *Martin M. Doctoroff* and *Gary A. Ference),* for plaintiffs.

*Edward W. Fisher,* for defendant.

Before: V. J. Brennan, P.J., and Cynar and C. W. Simon, Jr.,* JJ.

Per Curiam. Defendant, Blue Cross and Blue Shield of Michigan, appeals by leave granted from a circuit court order requiring it to issue a provider number to Psychological Services of Bloomfield, Inc., (herafter plaintiff) and to allow the plaintiff to participate in defendant's reimbursement program. Defendant argues that the issuance of a preliminary injunction was improper under the circumstances presented. Plaintiff responds that the order entered was permanent rather than a preliminary injunction.

The order entered does not indicate whether preliminary or permanent relief was intended. However, the hearing which led to the issuance of the order was a hearing at which defendant had

* Circuit judge, sitting on the Court of Appeals by assignment.

been ordered to show cause why a preliminary injunction should not be issued. Without prior notice to defendant, plaintiff's counsel suggested at the hearing that a permanent injunction should be issued. Defendant's counsel objected, arguing that he was surprised and that there were witnesses, whom he was unable to present that day, that he wished to call before a decision as to a permanent injunction was made. The circuit judge did not respond to either argument.

Plaintiff argues that the material facts were not in dispute. A comparison of plaintiff's complaint and defendant's answer, however, shows that defendant denied most of the factual allegations in plaintiff's complaint. If plaintiff believed that, despite these denials, the material facts were not in dispute, plaintiff's proper course was to move for summary judgment pursuant to GCR 1963, 117.2(3), and to make a record in connection with that motion which established the absence of issues of material fact. We will not leap from the record made in circuit court here to a conclusion that the material facts are not in dispute. We cannot countenance plaintiff's attempt to by-pass the normal processes of litigation. We decline to assume that the circuit court issued a permanent injunction without hearing any evidence and without providing defendant with notice or an opportunity to be heard on issues relating to a permanent injunction. We will therefore treat the order at issue as a preliminary injunction.

The standards applicable to a review of a preliminary injunction were concisely stated in *Bratton v Detroit Automobile Inter-Ins Exchange,* 120 Mich App 73, 79; 327 NW2d 396 (1982):

"The grant or denial of a preliminary injunction is within the sound discretion of the trial court. *Grand*

*Rapids v Central Land Co,* 294 Mich 103, 112; 292 NW 579 (1940); *Michigan Consolidated Gas Co v Public Service Comm,* 99 Mich App 470, 478; 297 NW2d 874 (1980). The object of a preliminary injunction is to preserve the status quo, so that upon the final hearing the rights of the parties may be determined without injury to either. *Gates v Detroit & M R Co,* 151 Mich 548, 551; 115 NW 420 (1908). The status quo which will be preserved by a preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy. *Steggles v National Discount Corp,* 326 Mich 44, 51; 39 NW2d 237 (1949); *Van Buren School Dist v Wayne Circuit Judge,* 61 Mich App 6, 20; 232 NW2d 278 (1975). The injunction should not be issued if the party seeking it fails to show that it will suffer irreparable injury if the injunction is not issued. *Niedzialek v Barbers Union,* 331 Mich 296, 300; 49 NW2d 273 (1951); *Van Buren School Dist, supra,* p 16. Furthermore, a preliminary injunction will not be issued if it will grant one of the parties all the relief requested prior to a hearing on the merits. *Epworth Assembly v Ludington & N R Co,* 223 Mich 589, 596; 194 NW 562 (1923). Finally, a preliminary injunction should not be issued where the party seeking it has an adequate remedy at law. *Van Buren School Dist, supra,* p 16."

The order at issue here changed, rather than preserved, the status quo. It granted plaintiff the relief it requested prior to a hearing on the merits, because the order required defendant to enter into transactions involving plaintiff and third parties which cannot be unwound even if defendant prevails on the merits.

Plaintiff failed to show that it would suffer irreparable injury if the preliminary injunction was not issued. Plaintiff has claimed that the lack of a provider number prevented its clinic from operating and the members of its staff from practicing their professions. Plaintiff points out that it has obtained a certificate of need from the Depart-

ment of Public Health for its clinic, and plaintiff reasons that the public is therefore deprived of needed care if plaintiff is not given a provider number. Plaintiff also contends that the lack of a provider number prevents its staff from continuing to care for patients who depended on defendant for medical insurance coverage. However, plaintiff is free to operate its clinic and the members of its staff are free to practice their professions without provider numbers; whether plaintiff has a provider number merely determines the financial source to which plaintiff must look for compensation. *Michigan Ass'n of Psychotherapy Clinics v Blue Cross & Blue Shield of Michigan,* 101 Mich App 559, 571-573; 301 NW2d 33 (1980), *modified in part on other grounds* 411 Mich 869; 306 NW2d 101 (1981); *Desgranges Psychiatric Center, PC v Blue Cross & Blue Shield of Michigan,* 124 Mich App 237, 245; 333 NW2d 562 (1983). There has been no evidence produced here to show that operation of an outpatient psychiatric clinic like that of plaintiff is economically unfeasible without a provider number. Even if the issuance of a certificate of need demonstrates a public need for plaintiff's clinic, it does not demonstrate that defendant's subscribers need such a clinic. The two cases cited above demonstrate that the actions of defendant at issue here cannot be characterized as an impermissible interference with the physician-patient relationship.

Finally, we note that plaintiff has failed to explain why an action at law for damages would not be an adequate remedy for any injury it suffered at defendant's hands. On this record, the circuit court abused its discretion by entering a preliminary injunction.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.