THELEN v DUCHARME

Docket No. 85875. Submitted April 2, 1986, at Lansing. Decided May 5, 1986. Leave to appeal applied for.

Plaintiffs, James L. and Denise L. Thelen, entered into a subscription agreement whereby plaintiffs would purchase a condominium from defendants, Donald R. and Marlene Ducharme, for $54,900. The parties then executed a land contract in an amount of $61,900, with a down payment of $11,900 and payments of $476.17 on the balance at eleven percent for three years, at which time the balance came due. Upon final payment the contract balance was to be discounted fourteen percent. At the same time that the parties executed the land contract, they executed a lease agreement whereby defendants leased the condominium from plaintiffs for three years at $476.17 per month. Plaintiffs failed to make the balloon payment and defendants brought a forfeiture action against plaintiffs. A consent judgment was entered in the forfeiture action and plaintiffs reserved their right to assert a usury defense. Plaintiffs brought an action against defendants in the Eaton Circuit Court. Under their first count, plaintiffs alleged usury. Under their second count, plaintiffs alleged that they were entitled to a fourteen percent discount by the terms of the land contract once it was paid in full. Under the third count, plaintiffs asked for an injunctive order to keep defendants from seeking a writ of restitution upon the forfeiture judgment. The court granted a temporary restraining order. Upon motion, the court, Richard M. Schuster, J., granted summary disposition for defendants, holding that the contract was not usurious and that plaintiffs were not entitled to a fourteen percent discount. The court also dissolved the restraining order although no motion for that action was made. Plaintiffs appealed. *Held:*

1. The doctrine of res judicata bars the redetermination of an

REFERENCES

Am Jur 2d, Interest and Usury §§ 166-168, 256-270.

Application of usury laws to transactions characterized as "leases." 94 ALR3d 640.

Validity and construction of provision (escalator clause) in land contract or mortgage that rate of interest payable shall increase if legal rate is raised. 60 ALR3d 473.

issue where three prerequisites are met: 1) the former action must have been decided on the merits; 2) the same matter raised in the second action must have been decided in the first; and 3) the two actions must be between the same parties or their privies. Res judicata bars recovery of the fourteen percent discount as a contractual right.

2. The court erred in holding that the contract was not usurious. The time-price differential in a land contract is part of the finance charge for purposes of usury.

3. The usury defense is waived where the entire obligation is voluntarily satisfied. Payment after entry of a consent judgment is not voluntary satisfaction waiving the usury defense. Plaintiffs are entitled to recover interest actually paid to defendants.

4. Plaintiffs might be entitled to recover the fourteen percent discount in this case if it be classified as an improper delinquency charge or a part of the usurious finance charge. The issue was not fully explained by the trial court.

Reversed and remanded with instructions.

1. JUDGMENTS — RES JUDICATA.
   The doctrine of res judicata bars the redetermination of an issue where three prerequisites are met: 1) the former action must have been decided on the merits; 2) the same matter raised in the second action must have been decided in the first; and 3) the two actions must be between the same parties or their privies.

2. USURY — LAND CONTRACTS — TIME-PRICE DIFFERENTIAL.
   The time-price differential in a land contract is part of the finance charge for purposes of usury (MCL 438.31c[6]; MSA 19.15[1c][6]).

3. USURY — JUDGMENTS — VOLUNTARY SATISFACTION — WAIVER.
   The usury defense is waived where the entire obligation is voluntarily satisfied; payment after entry of a consent judgment is not voluntary satisfaction waiving the usury defense.

4. USURY — INTENT.
   A party's intent is generally irrelevant to determining whether a contract is usurious.

5. INJUNCTIONS — TEMPORARY INJUNCTIONS.
   Temporary injunctions should either be dissolved or made permanent when the case is disposed of.

*Reid, Reid, Perry, Laskey, Hollander & Chal-*

*mers, P.C.* (by *Joseph D. Reid* and *Patrick R. Hogan*), for plaintiffs.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Timothy J. Donovan*), for defendants.

Before: J. H. GILLIS, P.J., and R. B. BURNS and G. B. FORD,* JJ.

R. B. BURNS, J. Plaintiffs appeal from the trial court's grant of summary disposition to defendants pursuant to MCR 2.116(C), subds (7), (8), and (10) on plaintiffs' complaint seeking relief arising from defendants' proceeding with a land contract forfeiture against plaintiffs.

Defendants built Carrier Creek Condominiums. On May 14, 1981, plaintiffs, James L. and Denise L. Thelen, entered into a subscription agreement whereby plaintiffs would purchase a condominium for $54,900. On May 29, 1981, defendants and plaintiffs executed a land contract. Under that contract, plaintiffs were obliged to pay defendants $61,900 for the same condominium, over a three-year period. Plaintiffs made an $11,900 down payment, leaving a land contract balance of $50,000. The land contract provided for an interest rate of eleven percent. The balance due on the land contract was to be paid in full on May 29, 1984. Upon that final payment, the contract was to be discounted by fourteen percent.

At the same time that they signed the land contract, the parties executed a lease agreement. Defendants agreed to lease the condominium back from plaintiffs for a monthly rent of $476.17, which was equivalent to the plaintiffs' monthly

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

land contract payment. Through this arrangement, plaintiffs did not have to make any cash outlays for a three-year period.

Plaintiffs failed to make the 1984 balloon payment and defendants began forfeiture proceedings on July 27, 1984. On August 27, 1984, a hearing on the land contract forfeiture was held in the 56-2 District Court. At that hearing, plaintiffs consented to the entry of a land contract forfeiture judgment which would reserve their right to assert a usury defense in circuit court. On August 27, 1984, the district court entered its judgment.

On November 21, 1984, plaintiffs filed a complaint in circuit court. Under their first count, plaintiffs alleged usury. Under their second count, plaintiffs alleged that they were entitled to a 14 percent discount by the terms of the land contract once it was paid in full. Under the third count, plaintiffs asked for an injunctive order to keep defendants from seeking a writ of restitution upon the district court judgment.

On appeal, plaintiffs raise several issues and we reverse in part.

I

We first address plaintiffs' argument that the trial court erred in granting summary disposition based upon res judicata on its claim for the fourteen percent discount. MCR 2.116(C)(7).

This Court has held that, for the doctrine of res judicata to apply, three prerequisites must be found:

(1) the prior action must have been decided on its merits, (2) the issues raised in the second case must have been resolved in the first, and (3) both

actions must have involved the same parties or their privies. [*San Joaquin County, California v Dewey,* 105 Mich App 122, 130-131; 306 NW2d 418 (1981).]

In this case, summary proceedings were commenced in district court on the land contract. Defendants and plaintiff stipulated to the entry of a judgment of $49,655.34. Judgment was entered by the district court for that amount. That judgment further provided:

This Order issued without Prejudice to file Legal & Equitable Claims & Defenses in Circuit Court. Stipulation to Money Judgments for purposes of this hearing only.

However, the following colloquy took place at the forfeiture proceedings in district court:

*Mr. Reisig:* . . . I believe Mr. Manning will indicate, your Honor, that his clients, the Thelens will consent to the entry of a land contract forfeiture Judgment at this point in time. The amount —the balance due on the land contract is $49,655.34. That I have incurred costs on behalf of the Ducharmes in the amount of $77.60. I have a breakdown of that amount if you want it. That *Mr. Manning will indicate that they reserved the right to take whatever other remedies may be available to them to assert an equitable defense of usury in the Circuit Courts.* We have no objection to that reservation on their part. And would submit an Order for the Court to sign.

*The Court:* Is that agreeable, Mr. Manning?

*Mr. Manning:* May it please the Court. Everything that Mr. Reisig has told the Court is true and we do consent to that Judgment. We have one small addition, your Honor. And that is that we agree on the money balance only—owing only for purposes of the Judgment to be submitted to this

date. *We reserve the right to preserve that question of the money amount owing contingent upon the equitable issue* that may be filed in the Circuit Court, your Honor.

*Mr. Reisig:* Your Honor, if I understand Mr. Manning correct [sic]. *What he is saying is: that if their defense of usury is a valid defense in this matter, then the money Judgment would be effected* [sic] *by that amount, he is correct.*

*Mr. Manning: That's correct, your Honor.* [Emphasis added.]

From this discussion it appears that the only issue preserved by plaintiffs was the issue of usury. To the extent that the fourteen percent discount represents a contractual right,[1] that issue was, or should have been, considered in the district court forfeiture proceeding. Since, as a contractual matter, the discount would affect the amount of principal owed, plaintiffs should have raised the issue in the forfeiture proceeding. Since, as revealed by the transcript excerpt quoted above, plaintiffs consented to the entry of the foreclosure judgment, they effectively stipulated that the amount of the judgment was correct with respect to the contractual terms. It is clear from the transcript that plaintiffs only preserved the equitable issue of usury. All other issues, including the contractual issue of the effect of the discount, were disposed of in the district court. Thus, to the extent that plaintiffs raised in the instant action the contractual, as opposed to the usury, issue of the discount provision, the trial court properly granted summary judgment. Plaintiffs only preserved for circuit court consideration the question of whether the fourteen  percent discount provision was usurious. That issue is disccused *infra.*

[1] See Issue IV, *infra,* for a discussion of the discount as an issue of usury.

II

We next consider plaintiffs' argument that the trial court erred in granting summary disposition to defendants on plaintiffs' usury claim. At issue is a "time-price differential" of $7,000. The condominium "Reservation and Subscription Agreement", dated May 14, 1981, provided for a purchase price of $54,900. However, the land contract, dated May 29, 1981, set the purchase price at $61,900.

Black's Law Dictionary (rev 5th ed, 1979), p 1330, defines "time-price differential" as follows:

> Method by which seller charges one price for immediate cash payment and a different (advance in) price when payment is made at future date or in installments and the former is the cash price and the latter the "time-price" or credit price and difference in price is the "time-price differential." *State ex rel Guste v Council of City of New Orleans,* 297 So 2d 518, 525 [La App, 1974].

Generally, time-price differentials do not come within the provisions of the usury statute. MCL 438.31; MSA 19.15(1); see also *Silver v International Paper Co,* 35 Mich App 469; 192 NW2d 535 (1971). Although we believe that *Silver* correctly interprets that section, we conclude that the provisions of MCL 438.31c(6); MSA 19.15(1c)(6), adopted subsequent to the *Silver* decision, controls the case at bar. MCL 438.31c(6); MSA 19.15(1c)(6) provides as follows:

> Notwithstanding subsection (5), lenders or vendors not qualified to make loans under subsection (5) may make, or may have made, mortgage loans and land contracts specified in subsection (2) on or after August 16, 1971, which mortgage loans and

land contracts provide for a rate of interest not to exceed 11% per annum, which interest shall be inclusive of all amounts defined as the "finance charge" in the truth in lending act, 15 USC 1601 to 1667e, and the regulations promulgated under that act.

15 USC 1605(a)(1) specifically includes time-price differential within the definition of "finance charge."

We, therefore, conclude that a time-price differential in a land contract subject to MCL 438.31c(6); MSA 19.15(1c)(6), as is the land contract in the case at bar, must be considered part of the finance charge. Furthermore, in the case at bar, since the maximum allowable rate of eleven percent was being charged even without consideration of the time-price differential, it is clear that, once the time-price differential is considered, the loan is usurious. Thus, the trial court erred in granting summary judgment on this issue.

III

We now consider the question of whether plaintiffs are entitled to restitution for the usurious interest paid to defendants. A lender who charges a usurious interest rate is barred from recovering any interest. MCL 438.32; MSA 19.15(2). However, the usury defense is waived if the entire obligation is voluntarily satisfied. *Osinski v Yowell,* 135 Mich App 279, 287-288; 354 NW2d 318 (1984). The *Osinski* Court explained the nature of this exception:

Where a lender/seller seeks to enforce a usurious contract, the borrower/buyer can avail himself of the statute and have all of the interest he previously paid applied against any outstanding principal debt. *Waldorf v Zinberg,* 106 Mich App

159, 164; 307 NW2d 749 (1981), citing *Michigan Mobile Homeowners Ass'n v Bank of the Commonwealth,* 56 Mich App 206, 212-213, 216; 223 NW2d 725 (1974). See also *McKenna v Wilson,* 280 Mich 227, 231-232; 273 NW 457 (1937). If the borrower/buyer has voluntarily satisfied the entire obligation, or at least an amount over the principal amount, the lender/seller is entitled to retain the usurious interest paid. *Waldorf, supra,* p 165; *Michigan Mobile, supra,* p 213. The rationale is that since the borrower/buyer voluntarily paid the excess amount, he has waived his usury defense as to that amount. *Michigan Mobile, supra,* pp 213-214.

In this case, plaintiffs paid the loan only after judgment was rendered against them.[2] We do not consider this to be a *voluntary* payment of the obligation so as to waive the usury defense. Plaintiffs are entitled to recover the amount of interest actually paid.

Before moving to the next issue, however, we would like to briefly discuss the peculiar procedural posture of this case. By stipulation of the parties, the usury issue was separated from the forfeiture action in district court. Plaintiffs agreed to let judgment be taken against them subject to the stipulation that they could bring a usury claim in circuit court. The basic rule in Michigan is that usury is a defense and that there is no right to repayment of usurious interest by means of an independent action. *Michigan Mobile Homeowners Ass'n v Bank of the Commonwealth,* 56 Mich App 206, 216; 223 NW2d 725 (1974).

Thus, plaintiffs would not normally be entitled to maintain this action at all. However, since the parties stipulated to this procedure, it would be inequitable to now deny plaintiffs relief. The pre-

[2] I.e., they have redeemed the property.

ferred practice would have been for plaintiffs to have raised usury as a defense to the forfeiture proceeding and we note our disapproval of the procedure employed in the case at bar to litigate the usury issue.

IV

The next issue is similar to the preceding issue, namely, whether plaintiffs are entitled to recover the fourteen percent discount lost by reason of their late payment. This issue differs from that discussed under Issue I, *supra,* because Issue I dealt with plaintiffs' contractual rights under the land contract and the instant issue concerns plaintiffs' rights under the usury statute.

There are two potential classifications of the discount which may render it recoverable under MCL 438.32; MSA 19.15(2). First, it could be an improper delinquency charge. Second, since fourteen percent of the amount financed, $50,000, is equal to the time-price differential mark-up, $7,000, the discount may relate to the differential and, perhaps, be considered part of the usurious finance charge. However, it does not appear that this issue was fully explained below. Since we reverse on other issues, we leave it to the trial court to first determine the nature of the discount and whether it is recoverable under the usury statute.

V

Plaintiffs also argue that the trial court erroneously considered defendants' intent to violate the usury statute. We agree. A party's intent is generally irrelevant in determining whether the land contract was usurious. *Houghteling v Gogebic Lumber Co,* 165 Mich 498; 131 NW 109 (1911);

*Osinski, supra.* But see *Blessing v Zeffero,* 149 Mich App 558; 386 NW2d 590 (1986) (loans subject to 12 USC 86a[c] require that usury be "knowingly done").

VI

Finally, we consider whether the trial court erred in dissolving the temporary injunction after it had dismissed plaintiffs' case. The trial court employed the correct procedure. Having disposed of plaintiffs' case by summary disposition, the temporary injunction was properly dissolved. See *Niedzialek v Barbers Union,* 331 Mich 296; 49 NW2d 273 (1951). Plaintiffs' remedy at that point was to seek a stay pending appeal.[3]

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained. No costs, neither side having prevailed in full.

---

[3] That the trial court, as discussed above, erred in dismissing the case is irrelevant. Once a case is disposed of in the trial court, the temporary injunction should be dissolved or made permanent.