MICHIGAN CONSOLIDATED GAS COMPANY v PUBLIC SERVICE
COMMISSION

Docket Nos. 47523, 47524. Submitted May 31, 1980, at Lansing.—
Decided July 30, 1980. Leave to appeal applied for.

Michigan Consolidated Gas Company applied to the Public Ser-
vice Commission for a rate increase. The commission granted
an increase which was substantially less than that requested.
Michigan Consolidated then filed a complaint against the com-
mission in Ingham Circuit Court, alleging certain errors in the
commission's setting of the rates and seeking an injunction and
an order allowing collection of surcharges during the pendency
of the action. The court granted a preliminary injunction and
order allowing collection of the surcharges. The commission
and the Attorney General each sought leave to appeal to the
Supreme Court, which remanded the matter to the circuit court
but retained jurisdiction. 405 Mich 803 (1979). Upon reconsider-
ation, the circuit court, Thomas L. Brown, J., ordered a refund
of a portion of the surcharges but allowed Michigan Consoli-
dated to continue collecting the remainder of the surcharges.
The Public Service Commission and the Attorney General each
appealed from this order to the Supreme Court, which re-
manded to the Court of Appeals for consideration as on leave
granted and dissolved its prior order by which it retained
jurisdiction. 405 Mich 803, 804 (1979). *Held:*

1. The circuit court, in the post-remand hearing and order,
complied in all respects with the Supreme Court's remand
order. The circuit court stated findings in some detail and
applied the proper standard of review of the commission's
procedures and findings.

2. There was no requirement that the circuit court support
the preliminary injunction by citation to case law.

3. The circuit court has not substituted its judgment for that
of the commission because if the court should decide that the

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 776.
[2] 42 Am Jur 2d, Injunctions § 26.
[3] 64 Am Jur 2d, Public Utilities §§ 281, 282.
[4] 64 Am Jur 2d, Public Utilities § 132.

commission's rate order was confiscatory or unreasonable the court must refer the matter back to the commission to establish new rates.

4. The circuit court did not abuse its discretion in granting the preliminary ·injunction and order allowing collection of the surcharges. There is probable cause to believe that the commission may have erred as alleged by the plaintiff. Through its order, the circuit court has protected the plaintiff as well as the rate payers.

Affirmed and remanded for further proceedings.

1. COURTS — CIRCUIT COURTS — REMAND — LANGUAGE OF DECISIONS.
   A circuit court issuing an opinion in a case on remand from an appellate court does not err by not utilizing in its opinion the exact wording set forth in the remand order where the circuit court applies the proper standard of review and where its findings are sufficiently detailed.

2. INJUNCTIONS — PUBLIC UTILITIES — RATES — CASE LAW.
   There is no requirement that a circuit court support a preliminary injunction in a utility rate case by citation of case law.

3. PUBLIC UTILITIES — CIRCUIT COURTS — RATES — REMAND.
   A circuit court which finds that a rate order made by the Public Service Commission is confiscatory or unreasonable cannot set new rates but must refer the matter back to the commission to establish proper rates.

4. INJUNCTIONS — PUBLIC UTILITIES — RATES — JUDGE'S DISCRETION.
   A compelling case must be made before a circuit court may grant injunctive relief allowing a utility company to collect a surcharge while awaiting a decision on a request for a rate increase; however, the grant or denial of a temporary injunction is a question of discretion which will not be disturbed on appeal except on a showing of probable abuse of discretion.

*Gary L. Cowan, David P. VanNote,* and *Daniel L. Schiffer;* and *Foster, Swift, Collins & Coey, P.C.* (by *Webb A. Smith* and *William K. Fahey),* for Michigan Consolidated Gas Company.

*Arthur E. D'Hondt,* Assistant Attorney General, for the Michigan Public Service Commission.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, and *Hugh B. Anderson* and *Roderick S. Coy,* Assistants Attorney General, for intervening defendant Attorney General.

*John M. Veale,* for intervening defendant General Motors Corporation.

*Mill, Lewis, Adams, Goodrich & Tait* (by *Douglas H. West),* for intervening defendant Great Lakes Steel, Division of National Steel Corporation.

Before: D. F. WALSH, P.J., and BASHARA and K. B. GLASER,* JJ.

PER CURIAM. This case is before the Court for plenary consideration as on leave granted. The history and factual background of the case is long and complex.

On March 11, 1977, plaintiff filed an application with the Michigan Public Service Commission (PSC) seeking to raise its rate for the sale of gas by approximately $100,000,000 annually. Later in 1977, plaintiff moved for partial and immediate rate relief in the amount of $65,000,000 annually. In January, 1978, the PSC granted plaintiff interim rate relief in the amount of $16,046,000 annually to be collected under bond.

Thereafter, on September 28, 1978, approximately 19 months after filing the March, 1977, application, the PSC issued a rate order which *inter alia* provided for a rate increase of $19,729,-000 annually or $3,683,000 over and above the interim rate increase of January, 1978. Bond for the interim rate increase was cancelled.

Following issuance of the rate order, plaintiff timely filed a complaint against the PSC in Ingham County Circuit Court pursuant to MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

462.26; MSA 22.45. The complaint was filed October 6, 1978. Plaintiff sought an injunction and order to show cause why a preliminary injunction should not issue. Plaintiff claimed the rate order deprived it of $22,885,000 annually. Plaintiff alleged that the PSC erred in setting the rate by including revenue and expenses associated with plaintiff's interstate storage business, including anticipated interstate gas sales, allowing a certain amount below that requested for uncollectible accounts, disallowing an inflation factor request for certain operating and maintenance expenses and by setting a rate of return on common equity at 12.5%.

Pending the outcome of the circuit court action, plaintiff requested that it be allowed to collect the requested annual surcharge subject *inter alia* to keeping separate accounts of the surcharges and filing bond to ensure refunds with interest of any portion of the surcharges which were ultimately found to be in excess of a reasonable and lawful level.

Following a hearing in October 1978, the circuit court issued an opinion from the bench in favor of plaintiff. On October 31, 1978, the circuit court entered a preliminary injunction and order allowing plaintiff to collect the requested surcharges during pendency of the suit and until a final determination was made or until further order of the court. The preliminary injunction and order also provided for separate accounting, bond and refunds if necessary.

The PSC and Attorney General separately appealed to this Court by filing applications for leave to appeal, motions for immediate consideration and motions for stay. Briefs were also filed by other intervening defendants. This Court granted

the motions for immediate consideration, denied the applications for immediate appellate review and denied the motions for stay. (Docket Nos. 78-4590, 78-4618, November 13, 1978.)

The PSC, Attorney General and various other intervening defendants appealed to the Supreme Court. The Supreme Court remanded the matter back to the Ingham County Circuit Court with instructions and retained jurisdiction. 405 Mich 803 (1979).

Within the time specified in the remand order, the circuit court reheard the matter. Upon reconsideration, the circuit court, in an opinion from the bench, on February 16, 1979, rejected plaintiff's allegation that the PSC erred with respect to its decision regarding anticipated gas sales and return on common equity. A refund of the surcharges with respect to those issues representing $9,928,000 annually was ordered with interest at the rate of 10.6% compounded semiannually, which represented the cost to plaintiff of short-term borrowing. Plaintiff states that the refunds have been substantially completed. In all other respects, the circuit court affirmed its prior decision thereby allowing plaintiff to collect surcharges of $12,957,000 annually during the pendency of the suit and until issuance of a final determination or until further order of the circuit court. These latter surcharges represent the amounts related to plaintiff's allegations of error which were not vacated by the circuit court.

A modified preliminary injunction and refund order was entered on May 11, 1979, which formally carried out the terms of the circuit court's bench opinion. Regarding the continuing surcharges, the order provided for separate accounts, an independent audit and bond and refund provisions if necessary.

In the meantime, on October 17, 1978, which was approximately two weeks prior to the issuance of the first preliminary injunction, plaintiff filed an application with the PSC for a general rate increase and for partial and immediate rate relief. At the hearing on this application before the PSC in February, 1979, plaintiff, through counsel, stated it would ask the circuit court to prospectively discontinue the court-ordered surcharge in its entirety effective at the same time partial and immediate rate relief became effective.

On March 20, 1979, the PSC granted in part plaintiff's request for partial and immediate rate relief. The relief amounted to approximately $20,000,000 annually. The PSC took cognizance of plaintiff's statement respecting discontinuance of the surcharges and stated that it (PSC) expected plaintiff to abide by the representation and that the PSC would review the effect of the court-ordered surcharge in its final order.

Upon motion of plaintiff, the circuit court, on May 24, 1979, entered an order providing that plaintiff cease collecting all remaining surcharges authorized by the preliminary injunction and order of October 31, 1978, and by the modified preliminary injunction and refund order of May 11, 1979. The order was effective *nunc pro tunc* for gas service rendered by plaintiff to its customers on and after March 21, 1979. Plaintiff indicates it ceased applying temporary surcharges to its gas bills on March 21, 1979. This would be one day after the grant of partial and interim rate relief by the PSC. Plaintiff also indicates that between November 1, 1978, and March 21, 1979, approximately 7.6 million dollars were collected in surcharges which represent the level authorized by the preliminary injunctions. This apparently is the fund at issue in the present appeal.

Notwithstanding the *nunc pro tunc* order terminating the collection of further surcharges, the PSC and Attorney General appealed the circuit court's preliminary injunction and order of May 11, 1979, to the Supreme Court. On September 26, 1979, the Supreme Court remanded the case to this ·Court for plenary consideration as on leave granted and dissolved the prior order by which it retained jurisdiction. 405 Mich 803, 804 (1979).

Given the procedural history set forth above, the circuit court has yet to rule on the merits of the alleged errors relating to revenue and expenses purportedly associated with plaintiff's interstate storage business, the provision for uncollectible accounts and the request by plaintiff for an inflation factor on certain operating and maintenance expenses.

The threshold question before this Court is whether the circuit court complied with the terms of the January 17, 1979, remand order of the Supreme Court.

We have carefully compared the circuit court's 32-page bench opinion and subsequent orders with the terms of the Supreme Court remand order and find that the circuit court complied in all respects.

The circuit court stated in some detail that it found probable cause to believe the PSC erred and stated with preliminary certainty how the PSC erred.

The circuit court applied the applicable constitutional standard of review, Const 1963, art 6, § 28, and did not err by additionally referring to the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq. Consumers Power Co v Public Service Comm,* 78 Mich App 581; 261 NW2d 10 (1977).

Further, the circuit court's opinion in the pres-

ent case is at least as detailed as that cited with approval in the remand order. The arguments that the circuit court erred by not utilizing the precise wording set forth in the remand order are without merit. These arguments deal with semantics only and not substance.

The arguments suggesting that the circuit court erred by failing to cite case authority are likewise without merit. We have not found, nor has any authority been cited, which requires citation of case law by the circuit court in order to support a preliminary injunction in a utility rate case. That portion of another circuit court's decision in a utility rate case cited with approval by the Supreme Court contained no citation of case law authority. We can perceive of no reason for requiring such citation.

Having concluded that the circuit court found probable cause to believe the PSC erred and sufficiently stated with preliminary certainty how the PSC erred, we also find the circuit court did not simply recite the issues and conclude probable cause existed.

Although not disputed by the parties, it is similarly apparent that the circuit court related each dollar amount of the temporary increase to a specific preliminary finding of error and properly found there was a satisfactory showing by plaintiff of irreparable harm.

We find the arguments related to the alleged substitution of judgments by the circuit court for that of the PSC and the collateral argument implying a violation of the separation of powers doctrine to be without merit for the reason that, in the event the circuit court ultimately decides the PSC rate order was confiscatory or unreasonable, the circuit court will not set the rates but must

refer the matter back to the PSC to establish other rates. *Michigan Consolidated Gas Co v Public Service Comm,* 389 Mich 624; 209 NW2d 210 (1973). Nor do we find that the trial court erred by reviewing and referring to the findings of the administrative law judge. *Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116; 223 NW2d 283 (1974).

The second area of inquiry is whether or not the circuit court abused its discretion by issuing the modified preliminary injunction and refund order to allow plaintiff to continue collecting part of the requested surcharge pending final determination in the court. The outcome of this inquiry turns upon whether there is merit in the underlying allegations of error raised by plaintiff which were not reversed by the circuit court at the post-remand hearing.

Before a circuit court grants even temporary injunctive relief of the type sought here, a compelling case must be made. By the same token, however, the grant or denial of a temporary injunction is a question of discretion which will not be disturbed on appeal except on a showing of probable abuse. *Michigan Consolidated Gas Co, supra.*

The circuit court has yet to make a final ruling on the underlying allegations of error raised by plaintiff. Given the interlocutory status of these issues, we express no opinion on the merits. Suffice it to say at this point that we have carefully examined the extensive arguments by the parties pertaining to the underlying issues not reversed by the circuit court at the post-remand hearing and find that there is probable cause to believe the PSC may have erred in the manner alleged by plaintiff.

Further, we note that through its order the

circuit court has protected plaintiff against irreparable harm which would stem from the inability of utility rates to be made retroactive and at the same time has protected the rate payers through provisions for separate accounting, independent audit, bond, refund in the event the PSC order is upheld and the like. This practice has been approved upon a showing such as made by plaintiff in the present case. *Michigan Consolidated Gas Co, supra.*

For the reasons set forth above, we find no abuse of discretion on the part of the trial court in the post-remand proceedings.

The preliminary findings of the circuit court are affirmed and the case is remanded to the circuit court for a decision on the merits. Following a final determination on the merits by the circuit court, the parties may in a subsequent appeal to this Court raise any of the underlying issues finally decided by the trial court.