BRATTON v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

ANDERSON v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket Nos. 56795, 58871. Submitted May 5, 1982, at Detroit.—Decided October 5, 1982.

Plaintiffs, Dale Bratton and Joseph A. Anderson, were each injured in separate accidents involving motor vehicles insured by defendant, Detroit Automobile Inter-Insurance Exchange. DAIIE paid personal injury protection benefits to each of them until it received medical opinions from orthopedic specialists in each case that the claimants' injuries were not disabling. Upon receipt of the medical opinion in each case, DAIIE discontinued payments. Each plaintiff brought an action for personal injury protection benefits in the Wayne Circuit Court and moved for an order to compel defendant to continue the payments until trial. James A. Hathaway, J., ordered defendant to pay Bratton all back benefits from the date on which it ceased payment and to continue to pay benefits accruing until further order of the court. Henry J. Szymanski, J., ordered defendant to pay Anderson one-half of all back-benefits accrued and to pay all future work-loss benefits accruing until Anderson's attending physician certified that he was able to return to work. Both judges denied defendant's request that the plaintiff be required to post a bond and for a stay pending appeal. Defendant appealed both cases by leave granted and the cases were consolidated by the Court of Appeals. *Held:*

The trial courts should not have granted the injunctions for three reasons. First, they would result in irreparable harm to defendant in that it would be unable to obtain reimbursement in the event it was successful in defending the litigation inasmuch as the evidence indicated that both plaintiffs were indigent and without jobs. Second, the injunctions gave plaintiffs

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur 2d, Injunctions §§ 24, 25.
[2, 3] 42 Am Jur 2d, Injunctions §§ 48, 49, 299.

the very relief ultimately asked for. Third, plaintiffs have an adequate remedy at law.

Reversed and remanded.

T. M. Burns, J., concurred in the result only for the reason that plaintiffs had not demonstrated a likelihood that they would ultimately prevail. He did not agree that the injunctions gave plaintiffs the relief ultimately asked for or that plaintiffs have an adequate legal remedy.

### OPINION OF THE COURT

1. INJUNCTIONS — PRELIMINARY INJUNCTIONS.

The grant or denial of a preliminary injunction is within the discretion of the trial court; the object of a preliminary injunction is to preserve the status quo so that upon the final hearing the rights of the parties may be determined without injury to either.

2. INJUNCTIONS — EQUITY — IRREPARABLE INJURY.

·An injunction should not be granted unless the party requesting it satisfies the court that he will otherwise suffer irreparable injury and he does not have an adequate remedy at law; a preliminary injunction should not be issued if it will grant one of the parties all the relief requested prior to a hearing on the merits.

### CONCURRENCE BY T. M. BURNS, J.

3. INJUNCTIONS — PRELIMINARY INJUNCTIONS — IRREPARABLE HARM.

*A plaintiff seeking a preliminary injunction can, in proper circumstances, rebut the argument that the injunction will cause irreparable harm by a showing that the plaintiff will likely prevail on the merits.*

*Harris & Marcks, P.C. (by John G. Mooney),* for plaintiff Bratton.

*Martin S. Baum, P.C. (by David Riley),* for plaintiff Anderson.

*Dickinson, Mourad, Brandt, Hanlon & Becker (by Eugene Hom and John G. Geen),* and *Gromek, Bendure & Thomas (by James G. Gross),* for defendant.

Before: M. J. KELLY, P.J., and T. M. BURNS and MacKENZIE, JJ.

M. J. KELLY, P.J. The question presented in these two cases is whether a preliminary injunction, requiring defendant Detroit Automobile Inter-Insurance Exchange (DAIIE) to pay personal injury protection insurance (PIP) benefits, MCL 500.3107; MSA 24.13107, may be issued prior to the resolution of factual disputes over whether these benefits are properly payable. The trial court in each of these cases issued a preliminary injunction requiring DAIIE to pay PIP benefits to the plaintiffs. Defendants sought leave to appeal, GCR 1963, 806.2, in each case and this Court consolidated the cases for this appeal. We state the facts separately but analyze the issue jointly.

## DALE BRATTON

On January 26, 1979, Dale Bratton suffered injuries to his back in an automobile accident. At the time of his accident, Bratton was insured by DAIIE who paid his PIP benefits until he returned to work on November 4, 1979. However, on October 20, 1980, Bratton left his job claiming his injuries, sustained in the automobile accident, prevented him from working. Initially, DAIIE resumed payment of PIP benefits, but it also sent Bratton to be examined by Dr. David Collon, an orthopedic surgeon. After examining plaintiff, Dr. Collon opined that nothing prevented Bratton from resuming his previous level of activity or his previous employment. Pursuant to this opinion, DAIIE terminated its payment of work loss benefits on December 10, 1980.

On January 16, 1981, Bratton commenced an

action to recover PIP benefits. He also moved for a show cause order to compel DAIIE to pay PIP benefits until the trial.

On January 27, 1981, DAIIE had plaintiff examined by Dr. S. A. Colah, a neurological surgeon. Dr. Colah opined that Bratton was promoting his own complaint and that he was not disabled. On February 20, 1981, and March 6, 1981, the trial court held a hearing on the order to show cause. In addition to the reports from defendant's doctors, the trial judge also examined the sworn affidavit of Dr. Harold Rodner, plaintiff's family physician. According to Rodner, the plaintiff was unable to return to work. Plaintiff also submitted an affidavit of the manager of employee relations at the United States Post Office, where plaintiff had worked previous to October 20, 1980. The affidavit stated that Bratton was not receiving any benefits from his former employer.

On March 20, 1981, the trial judge entered a preliminary injunction which ordered DAIIE to pay plaintiff all PIP benefits for the period between October 22, 1980, and the date of the order and PIP benefits for all losses incurred from the date of the order until further order of the court. The trial court also refused to order plaintiff to post a security bond pursuant to GCR 1963, 718.3(1). Finally, the court refused to order a stay of proceedings while DAIIE appealed to this Court. Defendant sought leave to appeal to this Court which was granted.

## JOSEPH ANDERSON

On March 4, 1979, while insured by DAIIE, Joseph Allen Anderson was struck by a car while

a pedestrian. Plaintiff underwent surgery to repair the triceps tendon in his right arm. After his surgery, he was unable to return to his previous job at a gas station because the job was taken. Between May and June of 1979, Anderson worked in the construction industry but claims he left that job because he could not perform the required work. He worked in construction between October, 1979, and May, 1980, but again left work alleging he could not perform his work. DAIIE paid Anderson PIP benefits for the periods between March 4, 1979, and May 10, 1980, and from July 22, 1980, until October 21, 1980.

On September 2, 1980, Anderson was examined by Dr. S. M. Lele, an orthopedic physician, who opined that, while Anderson had a gap in the triceps, this defect was not disabling. On October 3, 1980, Dr. B. Prasad, an orthopedic surgeon, made similar findings after examining plaintiff. DAIIE also sent Anderson to Dr. George Granger, a neurological surgeon, on May 22, 1981. He opined that the defect in plaintiff's triceps muscle would not prevent Anderson from engaging in his normal employment.

Plaintiff was also examined by Dr. John Ziegler, a neurological surgeon, who concluded that plaintiff's complaints of pain and numbness in the upper arm were genuine. Dr. Ziegler felt that Anderson's condition was permanent and that it would be advantageous for him to go to school for vocational rehabilitation. Dr. Michael B. Karbal also examined Anderson and reached the same conclusion as Dr. Ziegler.

On May 28, 1981, plaintiff commenced an action seeking wage-loss benefits and medical expenses.

He also moved for an order to show cause why the PIP benefits should not be paid. After a hearing on the order to show cause, the trial court issued a preliminary injunctive order on July 10, 1981. The order required DAIIE to pay Anderson one-half of all work-loss benefits which had accrued since May 5, 1980, to the date of the order. The order also requires DAIIE to pay all work-loss benefits from the date of the order until one of plaintiff's attending physicians certifies that he is able to return to work. Finally, the order required DAIIE to pay all past and future medical and vocational rehabilitation bills. The trial court denied DAIIE's motions to require Anderson to post a security bond and to stay proceedings while it appealed to this Court. Defendant successfully sought leave to appeal to this Court.

I

Defendant challenges the preliminary injunctions on a number of grounds. Initially, it argues that the relief granted by the preliminary injunctions is the same relief requested by the plaintiffs and usurps the place of a final judgment. It also argues that the injunctions work a material and substantial harm upon it because DAIIE will be unable to recover the money paid to plaintiffs if it prevails on the merits. Furthermore, defendant claims that the injunctions alter the status quo in a way which harms DAIIE. Defendant also argues that plaintiffs failed to show that irreparable harm would occur to them. Defendant's penultimate argument alleges that plaintiffs failed to demonstrate the inadequacy of their legal remedy. Finally, defendant claims that plaintiffs failed to demonstrate that they would ultimately prevail on the merits.

The grant or denial of a preliminary injunction is within the sound discretion of the trial court. *Grand Rapids v Central Land Co,* 294 Mich 103, 112; 292 NW 579 (1940); *Michigan Consolidated Gas Co v Public Service Comm,* 99 Mich App 470, 478; 297 NW2d 874 (1980). The object of a preliminary injunction is to preserve the status quo, so that upon the final hearing the rights of the parties may be determined without injury to either. *Gates v Detroit & M R Co,* 151 Mich 548, 551; 115 NW 420 (1908). The status quo which will be preserved by a preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy. *Steggles v National Discount Corp,* 326 Mich 44, 51; 39 NW2d 237 (1949); *Van Buren School Dist v Wayne Circuit Judge,* 61 Mich App 6, 20; 232 NW2d 278 (1975). The injunction should not be issued if the party seeking it fails to show that it will suffer irreparable injury if the injunction is not issued. *Niedzialek v Barbers Union,* 331 Mich 296, 300; 49 NW2d 273 (1951); *Van Buren School Dist, supra,* p 16. Furthermore, a preliminary injunction will not be issued if it will grant one of the parties all the relief requested prior to a hearing on the merits. *Epworth Assembly v Ludington & N R Co,* 223 Mich 589, 596; 194 NW 562 (1923). Finally, a preliminary injunction should not be issued where the party seeking it has an adequate remedy at law. *Van Buren School Dist, supra,* p 16.

Defendant's main argument is that the injunctions result in irreparable harm to it because defendant has to pay contested benefits to plaintiffs, who will be unable to reimburse DAIIE should it prevail in the litigation. Both plaintiffs counter by arguing that they are impoverished and without the payment of benefits they will be

unable to pursue the litigation to a successful conclusion. The evidence before the trial court demonstrated that both plaintiffs were unemployed at the time of the hearing on the preliminary injunctions. However, it also demonstrated that a question of fact existed as to whether the men were able to return to work. Furthermore, Anderson told the trial court that he might have a job within a few days. In complying with the injunctive orders it appears that DAIIE would be required to pay benefits where a factual dispute existed over whether the plaintiffs were actually disabled. In each case, defendant only refused to pay PIP benefits after it had received medical evaluations demonstrating that plaintiffs' injuries were not preventing them from working. If payment were made to plaintiffs and DAIIE was successful in defending the actions, it would be unable to recover the benefits it paid to the plaintiffs. This would distort considerably the status quo which existed prior to the plaintiffs' commencing their actions.

## II

In addition to the irreparable harm suffered by DAIIE, the injunctions give the plaintiffs the very benefits which constitute the subject matter of their lawsuits. Plaintiffs contend that DAIIE owes them PIP benefits. Requiring defendant to pay those benefits prior to a hearing on the merits gives the plaintiffs the very relief they sought when they filed their actions. Nor do we find persuasive, plaintiffs' argument that the injunction does not give them the entire relief requested because they also requested interest, MCL 500.3142; MSA 24.13142, and attorney fees, MCL 500.3148; MSA 24.13148. The plaintiffs' actions

were to recover claimed PIP benefits, and interest and attorney fees could not be recovered unless the trial court found the PIP benefits were unlawfully withheld. Therefore, the injunctions were improper since they gave plaintiffs the very relief requested by their complaints.

### III

Finally, the injunctions were improper because plaintiffs had an adequate legal remedy. MCL 500.3142; MSA 24.13142 states that PIP benefits are payable within 30 days of when proof of the loss is submitted to the insurer. Where the insurer fails to pay the claimed benefits, the insured has one year within which he may commence an action against the insurer. MCL 500.3145; MSA 24.13145. If the insured prevails in his action, the trial court may award attorney fees and interest at 12% per annum. The Legislature has established a comprehensive procedure which allows an insured, who has been denied benefits, to recover those benefits. The Legislature did not provide for the payment of PIP benefits while the insured's action was pending. We also decline to do so.

The trial court erred when it issued a preliminary injunction requiring defendant to pay PIP benefits to each of the plaintiffs. Because of our resolution of this issue in favor of defendant, we need not address the question of whether the trial court abused its discretion when it refused to require plaintiffs to post a security bond.

Reversed and remanded.

MacKENZIE, J., concurred.

T. M. BURNS, J. *(concurring).* I found this a very

difficult and troubling case. The equities involved seem almost irresolvable. On the one hand, defendant is in a far better position to continue the lawsuit whether or not it continues paying the benefits. Plaintiffs are not a large corporation with substantial cash reserves and a fleet of expert lawyers ready to jump at their bidding. If plaintiffs do not continue to receive the benefits (especially since they are not working), they will most likely be forced into settling for far less than they might otherwise be entitled. This unequal power distribution is patently unfair (though, unfortunately, often unavoidable). On the other hand, defendant could easily lose all the money that it is paying to plaintiffs. Defendant could prevail on the merits but end up having paid a substantial portion of the benefits anyway merely because plaintiffs would be unable to make reimbursement. Obviously, such a situation is also patently unfair.

Although I agree with the majority that this case should be reversed, I do not agree entirely with its reasoning. I will analyze the three reasons it provides in reverse order. The majority states that an injunction was improper because plaintiffs had an adequate legal remedy. I disagree. True, MCL 500.3142; MSA 24.13142 allows a prevailing plaintiff to recover 12% interest on overdue payments and attorneys fees. However, these payments will be awarded only after the lawsuit has terminated. Plaintiffs are not asking for such relief in this part of the suit. They are asking for relief *before* the trial to allow them to continue the suit. As such, the legal remedy is inadequate. Therefore, I believe that a gap exists in the statutory system on this point. Equity allows us to fill this gap and speak where the Legislature has remained silent.

I do not agree with the second reason given in

the majoity opinion either. The preliminary injunctions do not give plaintiffs the very benefits they are asking for. First, plaintiff Anderson was to receive only half benefits. Second, the preliminary injunction did not provide plaintiffs with the interest and attorneys fees that they are asking for. (I do not see how the majority opinion addresses this issue.) Third and most important, the preliminary injunctions completely fail to give plaintiffs the right to permanent medical benefits. MCL 500.3107(a); MSA 24.13107(a).

I do, however, to a certain extent agree with the first reason. I am voting to reverse only because I believe that plaintiffs have not shown that they will likely prevail. As such, defendant could likely lose the money it is paying pursuant to the temporary injunctions. But I do not believe that such a temporary injunction is improper under all circumstances. As I stated earlier, an insurance company has far more power than an individual claiming benefits. Absent some legislative solution to this problem, if we foreclose preliminary injunctions in this situation, we would be allowing the insurance companies a strong battering ram to prevent many plaintiffs from recovering. This injustice becomes poignant where the plaintiff is impoverished and very badly needs the money not only to continue the suit but to survive. But I do not believe that the present situation is appropriate for such a preliminary injunction. Defendant certainly has a right to reimbursement if it eventually prevails on the merits. Plaintiffs have not sustained their burden of showing that they will likely ultimately prevail on the merits. As such, I believe that the trial judges abused their discretion in issuing the preliminary injunctions. However, I would be far less likely to so hold if the plaintiffs had made a stronger showing that they would eventually prevail.