FANCY v EGRIN

Docket No. 100903. Submitted October 12, 1988, at Detroit. Decided June 20, 1989.

James W. Fancy brought an action in the Oakland Circuit Court against Leon N. and June A. Egrin for a temporary and permanent injunction to enforce an agreement restricting building on a lot owned by the Egrins. Defendants denied violating or intending to violate the agreement and pleaded the affirmative defense of fraud. The court, Richard D. Kuhn, J., granted plaintiff a temporary injunction and, later, granted summary disposition for failure to state a valid defense, thus making the injunction permanent. Defendants appealed.

The Court of Appeals *held*:

1. The court rules require a hearing to establish entitlement before a court may enter a temporary injunction. The record indicates that no hearing establishing entitlement was ever held. Thus, the court erred in granting the temporary injunction.

2. A motion for summary disposition for failure to state a valid defense is tested solely by reference to the pleadings. Since defendants pled a valid defense, fraud, the grant of summary disposition for failure to state a valid defense was improper.

Reversed and remanded.

1. INJUNCTIONS — HEARINGS — TEMPORARY INJUNCTIONS — COURT RULES.

The court rules require a hearing to establish entitlement before a court may enter a temporary injunction (MCR 3.310[A]).

2. PRETRIAL PROCEDURE — SUMMARY DISPOSITION — COURT RULES.

A motion for summary disposition for failure to state a valid defense is tested solely by reference to the pleadings (MCR 2.116[C][9]).

REFERENCES

Am Jur 2d, Injunctions §§ 284-286; Pleading §§ 230, 231.
Appealability of order granting, extending, or refusing to dissolve temporary restraining order. 19 ALR3d 403.

*McElroy & Pheney* (by *Dennis J. Pheney*), for plaintiff.

*Bushnell, Gage, Reizen & Patton* (by *Noel A. Gage* and *Ivy O. Giller*), for defendants.

Before: HOLBROOK, JR., P.J., and SAWYER and J. M. BATZER,* JJ.

PER CURIAM. Defendants appeal from an order of the circuit court which granted summary disposition in favor of plaintiff and entered a permanent injunction. The injunction enjoined defendants from building on their house a balcony which extended further than five feet in front of plaintiff's residence, from removing trees not critical to the construction of defendants' house, and from interfering with plaintiff's sprinkler system. We reverse.

Plaintiff, a resident of Lot 10 of the Upper Straits Beach subdivision of West Bloomfield Township, expressed an interest in purchasing Lot 11, which was contiguous to his property. No price was mentioned. The owner, Mary Jane Hacala, agreed to sell the property, but the parties were unable to agree on the price.

In 1983, Hacala entered into an agreement to sell Lot 11 to defendants. Plaintiff filed suit in Oakland Circuit Court demanding specific performance of his "contract" with Hacala. He also filed a lis pendens on Lot 11. Plaintiff and defendants then entered into negotiations in an attempt to resolve the matter. The negotiations centered on the setback of defendants' proposed house on Lot 11. In 1985, the parties resolved their differences. In consideration of defendants' payment of $1,000,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff withdrew his circuit court suit and removed the lis pendens from Lot 11.

The negotiations regarding the setback of defendants' proposed house were protracted and acrimonious. In some instances, the parties bargained over feet and inches. Ultimately, the parties executed two separate documents. The "Declaration of Restriction, Lot 11, Not Running with the Land, Upper Straights Beach subdivision" (the declaration) contained the following restriction on defendants' right to build on their property:

> Set back from Lake and Lot 10: No building, structure, fence, outbuilding or appurtenance of any nature whatsoever, except an outdoor patio or deck, which does not include view-obstructing sides shall be located South of a straight line which runs generally in an east-west direction and which is parallel to and 5 feet south of a line which intersects the southwest and southeast corners of the residence currently situated on Lot 10 of said subdivision and the lot line between Lot 11 and Lot 12 of said subdivision.

Enforcement was to be by proceedings at law or in equity. In addition, the parties executed an "Agreement as to Construction on Land" (the agreement). The agreement provided that any balcony attached to defendants' proposed house would not violate the agreed-upon setback, that defendants would either grant an easement for that portion of plaintiff's sprinkler system intruding onto their property or move the system, and that defendants would not remove trees on Lot 11 unless the removal was critical to the construction of their home. Enforcement could be by proceedings in equity.

Defendants received approval of their construction plans from the Zoning Board of the Township

of West Bloomfield and, in December, 1985, stakes and markers indicating the dimensions of the house were placed in the ground. In March, 1986, the basement was excavated. Defendants alleged that, on March 31, plaintiff visited the site, observed the excavation, and reviewed the plans for the house with the contractor. Plaintiff denies that he visited the site, that he reviewed any plans, or that the basement was excavated on March 31.

While grading defendants' property, the contractor uncovered a system of pipes servicing plaintiff's sprinkler system. Defendants allege that plaintiff had represented to them that only one sprinkler pipe encroached on their property. Plaintiff denies making any representations concerning his sprinkler system.

In June, 1986, plaintiff filed a complaint alleging that defendants had violated the declaration and the agreement and seeking to enjoin defendants from locating any portion of their residence further than five feet in front of his residence, from removing trees on their lot, and from interfering with his sprinkler system. Plaintiff also filed a motion for a preliminary injunction, seeking the same relief.

In their answer, defendants denied that they had violated either the declaration or the agreement in any way. Defendants also filed special and affirmative defenses in which they alleged that plaintiff had fraudulently induced them to sign the declaration and the agreement by representing to them that they had reserved the right to have their home extend a total of ten feet in front of his residence, and by representing to them that only one sprinkling pipe encroached on their property. Furthermore, defendants alleged that no meeting of the minds of the parties had occurred with either the declaration or the agreement.

A hearing on plaintiff's motion for a preliminary injunction was scheduled for June 11, 1986. Counsel appeared, but no argument was presented. The hearing was adjourned to June 25, 1986. On that date, no proofs were presented, and plaintiff's counsel requested additional time to prepare. The court granted the request. On July 18, 1986, the trial court entered an opinion and order granting plaintiff a preliminary injunction. The court enjoined defendants from building a balcony that extended further than five feet in front of plaintiff's residence, from removing any trees not critical to the construction of their home, and from interfering with plaintiff's sprinkler system.

Defendants moved to vacate the preliminary injunction on the ground that the trial court had not held a hearing pursuant to MCR 3.310(A) at which plaintiff was required to establish that he was entitled to injunctive relief. Defendants stated that the trial court never took testimony or entertained oral argument on the motion.

Plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and (10). He stated that, because defendants had failed to state a defense to the claims made against them, and because no genuine issue of material fact existed, he was entitled to summary disposition making the injunction permanent.

In an opinion and order dated May 8, 1987, the trial court denied defendants' motion to vacate the preliminary injunction. The court stated that a hearing was not warranted because the parties had briefed the issues and engaged in oral argument. In addition, the court granted plaintiff's motion for summary disposition on the grounds that defendants had failed to state a defense to the claims made against them. The court found that

no fraud had occurred. The court made the injunction permanent.

Defendants first argue that the trial court erred in granting plaintiff's motion for preliminary injunction and, thereafter, in making the injunction permanent without first having brought the matter on for hearing. We agree as nothing in the record before us establishes plaintiff's entitlement to injunctive relief.

Injunctive relief is an extraordinary remedy. In *Michigan State Employees Ass'n v Dep't of Mental Health,* 421 Mich 152, 157-158; 365 NW2d 93 (1984), our Supreme Court listed a four-factor analysis by which to determine if a preliminary injunction should issue: 1) the likelihood that the party seeking the injunction will prevail on the merits; 2) the danger that the party seeking the injunction will suffer irreparable injury if the injunction is not issued; 3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief; and 4) the harm to the public interest if the injunction is issued.

Furthermore, in *Bratton v DAIIE,* 120 Mich App 73, 79; 327 NW2d 396 (1982), this Court articulated the considerations which surround the decision to issue a preliminary injunction:

> The grant or denial of a preliminary injunction is within the sound discretion of the trial court. *Grand Rapids v Central Land Co,* 294 Mich 103, 112; 292 NW 579 (1940); *Michigan Consolidated Gas Co v Public Service Comm,* 99 Mich App 470, 478; 297 NW2d 874 (1980). The object of a preliminary injunction is to preserve the status quo, so that upon the final hearing the rights of the parties may be determined without injury to either. *Gates v Detroit & M R Co,* 151 Mich 548, 551;

115 NW 420 (1908). The status quo which will be preserved by a preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy. *Steggles v National Discount Corp,* 326 Mich 44, 51; 39 NW2d 237 (1949); *Van Buren School Dist v Wayne Circuit Judge,* 61 Mich App 6, 20; 232 NW2d 278 (1975). The injunction should not be issued if the party seeking it fails to show that it will suffer irreparable injury if the injunction is not issued. *Niedzialek v Barbers Union,* 331 Mich 296, 300; 49 NW2d 273 (1951); *Van Buren School Dist, supra,* p 16. Furthermore, a preliminary injunction will not be issued if it will grant one of the parties all the relief requested prior to a hearing on the merits. *Epworth Assembly v Ludington & N R Co,* 223 Mich 589, 596; 194 NW 562 (1923). Finally, a preliminary injunction should not be issued where the party seeking it has an adequate remedy at law. *Van Buren School Dist, supra,* p 16.

Clearly, injunctive relief is an extraordinary remedy that should be granted only when justice requires.

MCR 3.310(A) governs preliminary injunctions and provides as follows:

(1) Except as otherwise provided by statute or these rules, an injunction may not be granted before a hearing on a motion for a preliminary injunction or on an order to show cause why a preliminary injunction should not be issued.

(2) Before or after the commencement of the hearing on a motion for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing on the motion. Even when consolidation is not ordered, evidence received at the hearing for a preliminary injunction that would be admissible at the trial on the merits becomes part of the trial record and need not be repeated at the trial. This provision may not be used to deny the parties any rights they may have to trial by jury.

(3) A motion for a preliminary injunction must be filed and noticed for hearing in compliance with the rules governing other motions unless the court orders otherwise on a showing of good cause.

(4) At the hearing on an order to show cause why a preliminary injunction should not issue, the party seeking injunctive relief has the burden of establishing that a preliminary injunction should be issued, whether or not a temporary restraining order has been issued.

Turning to the case at bar, plaintiff moved for a preliminary injunction to enjoin defendants from locating any portion of their residence, including a balcony, further than five feet in front of his residence, from removing any trees on their lot not essential to construction, and from interfering with the easement for his sprinkler system. In its opinion and order of July 18, 1986, the trial court granted a preliminary injunction containing those restrictions. Defendants moved to vacate the preliminary injunction on the ground that the court did not hold a hearing at which plaintiff was required to establish his right to the injunction, as required by MCR 3.310(A). In its opinion and order of May 8, 1987, the trial court denied the motion to vacate the preliminary injunction, stating that an evidentiary hearing was not warranted because the parties had appeared on a motion, had extensively briefed the issues and presented affidavits, and had had exhaustive oral arguments. The trial court then made the injunction permanent.

Defendants argue that the trial court abused its discretion by issuing the preliminary injunction without first holding a hearing. They state that, contrary to the assertions made by plaintiff, no hearing was ever held, and no arguments were presented. In their motion to vacate, defendants note that the hearing originally scheduled for

June 11, 1986, was adjourned to June 25, 1986. The parties appeared on that date, but the hearing was adjourned at plaintiff's request. Defendants state categorically that no hearing was ever held and that the court never entertained oral argument on the motion; therefore, defendants argue, the issuance of the preliminary injunction was done in contravention of MCR 3.310(A) and constituted an abuse of discretion by the trial court. Plaintiff, on the other hand, argues that the trial court did not abuse its discretion by issuing the preliminary injunction. Plaintiff contends that, on June 25, 1986, the parties presented brief arguments to the court. He also contends that the parties filed extensive briefs on the issue.

The record presented for our review does not support plaintiff's claims or the conclusions of the trial court. The record does support the conclusion that the motion for preliminary injunction was scheduled to be heard on June 25, 1986. What occurred on that date is not clear from the record. Plaintiff contends that the trial court allowed each party to argue briefly on the motion but indicated that its practice was to rely on briefs and affidavits. According to defendants, while counsel appeared on June 25 for purposes of arguing the motion, no arguments or proofs were presented and plaintiff's counsel requested additional time within which to respond to defendants' brief in opposition. That extension was granted. The record itself is devoid of any transcript of a hearing held on June 25, 1986, so we must conclude that no arguments were, in fact, presented on the record.

While we do not agree with defendants' assertion that it is compulsory for a trial court to hold an evidentiary hearing before the issuance of a temporary injunction, we do believe that some form of hearing is required. While MCR 3.310(A)

contemplates the possibility of the taking of evidence at the hearing on the motion for temporary injunction, we do not believe that that rule compels an evidentiary hearing before the issuance of an injunction. It is, however, clear that the rule requires a hearing before the issuance of that temporary injunction. Accordingly, we conclude that, at a minimum, a hearing must be held in open court and on the record at which time the petitioning party must establish its entitlement to the temporary injunction. If this can be accomplished in a particular case by argument, brief, affidavits or other forms of nontestamentary evidence, the trial court need not take testimony at the hearing. However, the trial court must conduct an evidentiary hearing where the circumstances of the individual case so require.

In the case at bar, there were no arguments on the record, the only affidavit contained in the lower court record presented prior to the issuance of the temporary injunction is a relatively brief affidavit signed by plaintiff and, contrary to the trial court's opinion of May 8, 1987, by which it refused to lift the injunction, there was not extensive briefing of the issues by the parties. In fact, the lower court record is completely devoid of any briefs by the parties.[1] Simply put, nothing in the record presented for our review in the least bit establishes plaintiff's entitlement to the issuance of a temporary injunction. Accordingly, we conclude that the trial court abused its discretion in granting the injunction.

[1] If the parties did prepare briefs which are not of record, it is impossible for us to review those briefs in analyzing this issue. Simply put, our decision, as well as the trial court's decision, must be based upon the matters that are made of record. With the exception of the sole affidavit by plaintiff, at the time of the grant of the preliminary injunction, there was nothing of record other than the pleadings of the parties. Nothing in the record supports the decision of the trial court, be it affidavit or briefs.

The next issue for our consideration is whether the trial court erred in granting summary disposition in favor of plaintiff and in making the temporary injunction permanent. We conclude that it did.

In an opinion and order dated May 8, 1987, the trial court denied defendants' motion to vacate the preliminary injunction and granted summary disposition in favor of plaintiff in order that the preliminary injunction become permanent. Although plaintiff moved for summary disposition under both MCR 2.116(C)(9) and (10), it appears from the trial court's opinion and order that it granted summary disposition only on the basis of MCR 2.116(C)(9), failure to state a valid defense. A motion for summary disposition based upon a failure to state a valid defense is tested solely by reference to the pleadings and, generally, where a material allegation of the complaint is categorically denied, summary disposition under this ground is improper. *Pontiac School Dist v Bloomfield Twp,* 417 Mich 579, 585; 339 NW2d 465 (1983).

The trial court's May 8, 1987, opinion and order indicates that it exceeded the scope of a motion for summary disposition for failure to state a valid defense. In that opinion, the court stated that it was its opinion "upon examining the numerous Affidavits submitted by the parties, having read the extensive briefs and documents on file, and having heard oral arguments by the parties, that Defendants failed to state a valid defense to Plaintiff's claim." Clearly, the trial court went outside the pleadings in deciding this motion. If for no other reason, reversal would be warranted on this ground. In any event, referring to defendants' pleadings, they state a valid defense. Specifically, defendants' answer denied the material allegations

of the complaint by denying any violation of the parties' agreement and denying any intent to violate the agreement in the future. Furthermore, defendants filed affirmative defenses which, if borne out by the facts, would state a valid defense to the complaint. Accordingly, summary disposition on the basis of MCR 2.116(C)(9) was improper.

Although the trial court's opinion and order does not rely upon MCR 2.116(C)(10), no genuine issue of material fact, in granting summary disposition, since plaintiff did move under this ground and both parties briefed the issue as if summary disposition was granted under subrule 10, we will briefly address the issue. Specifically, there exist genuine disputes over material facts concerning whether plaintiff made certain material misrepresentations to defendants concerning the nature and extent of the sprinkler system which induced defendants to sign the agreement. Fraud by plaintiff in procuring the agreement, if established by the facts, would provide defendants with a viable equitable defense to enforcement of the agreement. Whether fraud exists, however, can only be determined after full discovery and an evidentiary hearing. This the trial court has failed to grant defendants. Accordingly, summary disposition under subrule 10 would also be inappropriate.

In sum, the trial court erred in its summary handling of this matter. Defendants were entitled to a hearing which they were not granted before the issuance of the preliminary injunction and to a trial which they were not granted before the issuance of a permanent injunction. The trial court's stated basis for granting plaintiff equitable relief is that "the parties appeared on a motion for preliminary injunction and extensively briefed the issues, submitted numerous affidavits, and had exhaustive oral argument"; however, this is not supported by

the lower court record since most of the materials referred to by the trial court simply do not exist in the lower court record.

For the above reasons, we reverse the grant of summary disposition in favor of plaintiff and vacate the preliminary and permanent injunctions granted by the trial court.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendants may tax costs.