CAMPAU v McMATH

Docket Nos. 115262, 116391. Submitted April 13, 1990, at Detroit. Decided October 15, 1990.

William R. Campau and others, comprising a majority faction of shareholders of Woodmere Cemetery, Inc., called a special shareholders' meeting for December 9, 1988, for the purpose of removing Woodmere's board of directors, which was controlled by a minority faction of shareholders comprised of Francis C. McMath and others. The minority faction called a special board meeting for December 8, 1988, for the purpose of issuing additional stock to themselves in order to obtain control of the corporation. On December 7, 1988, the majority faction was granted a restraining order by the Wayne Circuit Court which prohibited the board from holding its meeting until after the special shareholders' meeting. On December 9, 1988, with the minority faction absent, the majority faction elected a new board of directors. The minority faction held a special meeting of the original board on December 10, 1988, during which they amended the corporate bylaws to eliminate preemptive stock rights and issued to themselves additional shares effecting a controlling interest in the corporation. Thereafter, two actions were filed wherein the factions each sought the ratification of its own special meeting and the nullification of the other faction's meeting. Following a hearing the court, John H. Gillis, Jr., J., granted a preliminary injunction to the majority faction and ordered that both special meetings be nullified and that a new shareholders' meeting be held at which the board of directors was to be elected by all shareholders. That meeting was held on February 1, 1989, and the majority faction succeeded in obtaining control of the board. The trial court thereafter granted summary disposition in favor of the majority faction and dismissed the actions, ruling that there existed no genuine issue of material fact and the majority faction was

REFERENCES

Am Jur 2d, Corporations §§ 318-321, 471; Injunctions §§ 285-287 347.

See the Index to Annotations under Bylaws; Corporate Stock and Stockholders; Injunctions; Majority and Minority Stockholders.

entitled to judgment as a matter of law. The minority faction filed an appeal in each of the actions.

The Court of Appeals consolidated the appeals and *held:*

1. The trial court did not abuse its discretion in granting the preliminary injunction in light of the proper hearing which was held, the majority faction's showing of entitlement to injunctive relief, the reasons for the injunction which were properly stated in the trial court's order, and the fact that the injunction preserved the status quo preceding the controversy and did not grant final relief to the majority faction without a hearing on the merits.

2. In the absence of a genuine issue of material fact, the trial court did not err in granting summary disposition to the majority faction.

Affirmed.

1. INJUNCTIONS — HEARINGS — EVIDENCE.

The court rules require a hearing to establish entitlement before a court can issue an injunction; if the moving party's entitlement to the injunction can be established by argument, brief, affidavits or other forms of nontestamentary evidence, the court need not take testimony at the hearing; the court must, however, conduct an evidentiary hearing where the circumstances of the case require such a hearing (MCR 3.310[A]).

2. INJUNCTIONS — PRELIMINARY INJUNCTIONS.

A court, in determining whether or not to grant a request for a preliminary injunction, considers the likelihood that the party seeking the injunction will prevail on the merits, the danger that the party seeking the injunction will suffer irreparable injury if the injunction is not issued, the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief, and the harm to the public interest if the injunction is issued; other considerations include whether the issuance of an injunction will preserve the status quo so that a final hearing can be held without either party having been injured and whether the issuance of an injunction will grant one of the parties final relief prior to a hearing on the merits.

3. INJUNCTIONS — PRELIMINARY INJUNCTIONS — APPEAL.

The Court of Appeals will not overturn a trial court's grant or denial of a preliminary injunction save for an abuse of discretion.

4. CORPORATIONS — ISSUE OF NEW STOCK — FRAUD.

Stock issued by a board of directors controlled by a minority

faction of shareholders for the purpose of establishing control of the corporation, and not having some corporate goal as its principal purpose, is fraudulent as against the other shareholders.

5. CORPORATIONS — BYLAWS — INVALID BYLAWS.

An invalid bylaw is nonetheless binding on shareholders who voluntarily, and for their own benefit and protection, enacted the bylaw.

*William L. Elson, P.C.* (by *William L. Elson*), and *Klemanski & Honeyman, P.C.* (by *James C. Klemanski*), for plaintiffs William R. Campau, Ernest W. Volaric, Lawrence W. Smith and Thomas I. Mathes.

*Evans & Luptak* (by *John A. Kullen*), for defendants Francis C. McMath and Nancy L. Hutchison.

*Fildew, Hinks, Gilbride, Miller & Todd* (by *John H. Fildew* and *Lisa L. Harris*), for defendants David W. Fulkerson, Christopher L. Fulkerson and Janet Hills.

Before: SAWYER, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

MICHAEL J. KELLY, J. This case involves a dispute between two factions of shareholders of Woodmere Cemetery, Inc. The dispute surfaced when plaintiffs, the majority faction, decided to replace Woodmere's board of directors which was controlled by defendants, the minority faction. After plaintiffs called a special shareholders' meeting for December 9, 1988, to remove the existing board, defendants scheduled a special board meeting for December 8, 1988, for the purpose of issuing additional stock to themselves in order to obtain control of the corporation. On December 7, 1988,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

plaintiffs were granted a restraining order which prohibited the board from holding its meeting until after the special shareholders' meeting. With defendants absent, plaintiffs proceeded on December 9, 1988, to elect from among themselves a new board of directors. Defendants challenged the validity of the shareholders' meeting and held a special board meeting on December 10, 1988. At that meeting, defendants amended the corporate bylaws to eliminate preemptive stock rights and issued to themselves additional stock effecting a controlling interest in the corporation. Thereafter, actions were filed wherein the factions each sought the ratification of its own special meeting and nullification of the other faction's meeting.

Following a hearing on January 10, 1989, the circuit court granted plaintiffs injunctive relief and ordered that both special meetings be nullified and that a new shareholders' meeting be held at which the board of directors was to be elected by all shareholders. That meeting was held on February 1, 1989, and plaintiffs succeeded in obtaining control of the board. Subsequently, the circuit court granted plaintiffs' motion for summary disposition and dismissed the lawsuits. Defendants appeal as of right. We affirm.

Defendants essentially make two claims on appeal, the first being that the circuit court improperly granted the preliminary injunction. Defendants state that the trial court held an invalid hearing, that plaintiffs failed to show cause for the injunction, and that the circuit court did not set forth the reasons for issuing the injunction. We find no error.

MCR 3.310(A) provides that an injunction may not be granted before a hearing on the motion is conducted and, further, that the moving party has the burden of establishing that the relief should be

granted. Additionally, MCR 3.310(C)(1) declares that an order granting an injunction must set forth the reasons for its issuance. Although it is not compulsory for a trial court to hold an evidentiary hearing before the issuance of an injunction, some formal hearing is required. *Fancy v Egrin,* 177 Mich App 714, 722; 442 NW2d 765 (1989). If a party's entitlement to the injunction can be established in a particular case by argument, brief, affidavits or other forms of nontestamentary evidence, the trial court need not take testimony at the hearing. *Id.,* p 723. The trial court must, however, conduct an evidentiary hearing where the circumstances of the case require such a hearing. *Id.*

In the present case, the parties placed their respective positions on the record and the trial court then provided its reasons for granting the injunction. It is apparent from the record that the parties also presented some argument in chambers. In addition to the hearing, the trial court relied on the parties' petitions, pleadings, and affidavits in determining plaintiffs' entitlement to the injunction. The trial court also set forth in the order its reasons for granting the injunction. We therefore find that the trial court satisfied the requirements of MCR 3.310.

Defendants further argue that plaintiffs did not meet their burden of proof for injunctive relief and that the injunction impermissibly disturbed the status quo and granted plaintiffs' final relief. We disagree.

Our Supreme Court in *Michigan State Employees Ass'n v Dep't of Mental Health,* 421 Mich 152, 157-158; 365 NW2d 93 (1984), enunciated a four-factor analysis to determine whether a preliminary injunction should be issued: (1) the likelihood that the party seeking the injunction will prevail

on the merits; (2) the danger that the party seeking the injunction will suffer irreparable injury if the injunction is not issued; (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief; and (4) the harm to the public interest if the injunction is issued. Other considerations surrounding the issuance of a preliminary injunction are whether it will preserve the status quo so that a final hearing can be held without either party having been injured and whether it will grant one of the parties final relief prior to a hearing on the merits. *Bratton v DAIIE,* 120 Mich App 73, 79; 327 NW2d 396 (1982). This Court will not overturn a trial court's grant or denial of a preliminary injunction save for an abuse of discretion. *Id.*

Here, plaintiffs established the likelihood of their success on the merits. Defendants initially argue that plaintiffs had no authority to challenge the issuance of the new stock because they did not first satisfy the demand requirement of MCL 450.1491; MSA 21.200(491). However, a demand is not required where it would be futile, as is the case here. See *Kimball v Bangs,* 321 Mich 394, 418; 32 NW2d 831 (1948).

Next, defendants argue that the first board of directors properly amended the corporate bylaws to eliminate the shareholders' right to a pro rata offering of new stock and then properly issued that new stock only to themselves. We disagree.

It is well established that stock issued for the purpose of establishing control of the corporation, and not having some corporate goal as its principal purpose, is fraudulent as against the other shareholders and cannot be permitted to stand. *Essex v Essex,* 141 Mich 200; 104 NW 622 (1905). It is obvious from the present record that the first

board's motive for the stock issue was to obtain control of the corporation. Defendants' contention that their efforts to establish control were for the good of the corporation because plaintiffs intended to "siphon funds" therefrom does not persuade this Court to find differently. If such is the case as defendants allege, then their proper action would be to bring suit against the majority for breach of fiduciary duty to the corporation, see *Production Finishing Corp v Shields,* 158 Mich App 479, 486; 405 NW2d 171 (1987), lv den 430 Mich 859 (1988), cert den 488 US 955; 109 S Ct 392; 102 L Ed 2d 381 (1988), rather than to wrestle control of the corporation away from them, see *Stott Realty Co v Orloff,* 262 Mich 375; 247 NW 698 (1933). Furthermore, the situation at hand is easily distinguishable from those cases cited by defendants wherein management or a majority faction successfully manipulates company stock in order to fend off a corporate raider or to frustrate a dissident minority. See, e.g., *Treadway Cos, Inc v Care Corp,* 638 F2d 357 (CA 2, 1980); *Heit v Baird,* 567 F2d 1157 (CA 1, 1977). Those cases deal with management's right to resist unfriendly takeovers which would be harmful to the corporation and adverse to corporate goals. Here, defendants attempt to impose their will over that of the majority and, thus, over that of the corporation.

Defendants also assert that the rural cemetery corporations act, MCL 456.101 *et seq.*; MSA 21.871 *et seq.,* prohibited the removal of the first board prior to the end of their one-year term. The act provides that directors "shall serve for the ensuing year, and until their successors shall be chosen." MCL 456.104; MSA 21.874. Woodmere's bylaws, however, allow for the removal of directors by a vote of a majority of the shareholders. Although a bylaw may be invalid, it is nonetheless binding on

stockholders who themselves, voluntarily and for their own benefit and protection, enacted it. *Weiland v Hogan,* 177 Mich 626, 631; 143 NW 599 (1913); *Allied Supermarkets, Inc v Grocer's Dairy Co,* 391 Mich 729, 736; 219 NW2d 55 (1974). Since they participated in the enactment of the foregoing bylaw, defendants are now estopped from challenging its validity.

Next, given the fact that two boards were simultaneously attempting to lead Woodmere in different directions, we have no difficulty in finding that the second and third elements of the injunction analysis were fulfilled. And since defendants concede that the fourth element is irrelevant to this case, we are satisfied that the injunction met the test set forth in *Michigan State Employees Ass'n, supra.*

As to the remainder of defendants' first claim, we find that the injunction preserved the status quo and did not grant plaintiffs all of the relief which they had requested. The status quo to be preserved by a preliminary injunction is the last actual, peaceable, noncontested status preceding the pending controversy. *Bratton, supra.* The instant injunction did just that. It nullified both parties' special meetings and returned them to their status prior to the controversy.

The final relief sought by plaintiffs included the ratification of their special meeting held on December 9, 1988. The trial court did not grant this but instead ordered the parties to resolve their differences according to Michigan law and the corporation's bylaws. Although the outcome of the court-ordered meeting was the same as that of plaintiffs' special meeting, defendants had the opportunity to participate and to persuade a member or members of the majority to break rank. Hence,

the trial court did not abuse its discretion in granting the injunction.

Defendants' second claim on appeal is that the trial court erred in granting summary disposition pursuant to MCR 2.116(C)(10) in favor of plaintiffs. We disagree.

A motion for summary disposition brought under MCR 2.116(C)(10) tests whether there is factual support for the claim. The nonmoving party has the burden of showing that a genuine issue of material fact exists. The court must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence available to it and must give the benefit of any reasonable doubt to the nonmovant. The granting of the motion is proper only if the court is satisfied that no factual development could justify recovery by the nonmoving party. *Pantely v Garris, Garris & Garris, PC,* 180 Mich App 768, 773; 447 NW2d 864 (1989).

The facts of this case have not been materially contested. As discussed above, in determining the first element of the injunction analysis, defendants failed to create a genuine issue of material fact concerning the merits of this case. Following the trial court's issuance of the injunction and the February 1, 1988, shareholders' meeting, no issue remained in dispute. Therefore, the trial court did not err in granting plaintiffs' motion for summary disposition.

Affirmed.